[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 343.]

DELLI BOVI, EXR., *v.* PACIFIC INDEMNITY COMPANY.

DELLI BOVI, EXR., *v.* AUTO OWNERS (MUTUAL) INSURANCE COMPANY.

[Cite as *Delli Bovi v. Pacific Indemn. Co.*, 1999-Ohio-380.]

*Insurance—Motor vehicles—Helicopter is not a motor vehicle for purposes of Ohio's uninsured/underinsured motorist coverage—Insurance providers may contractually limit uninsured/underinsured motorist coverage to motorized land vehicles.*

(Nos. 98-21 and 98-23—Submitted October 27, 1998—Decided April 28, 1999.)

ON ORDERS from the United States District Court, Northern District of Ohio, Eastern Division, Certifying Questions of State Law, Nos. 4:97 CV0094 and 4:97 CV0147.

————————————

{¶ 1} Kirk J. Delli Bovi was killed when the helicopter in which he was riding crashed near Salem, Ohio. At the time of his death, Delli Bovi had three insurance policies providing accidental death, uninsured/underinsured motorist ("UIM"), and umbrella coverages. Respondents Pacific Indemnity Company ("Pacific") and Auto Owners ("Mutual") Insurance Company ("Auto Owners") were the carriers of two of the policies.[1]

{¶ 2} After the insurer of the helicopter denied coverage, Delli Bovi's widow filed declaratory judgment actions in federal court, as executor of his estate and in her individual capacity, against Pacific and Auto Owners, seeking declarations that the policies provide UIM benefits for the losses sustained as a result of the accident. Respondents argued that the UIM provisions did not cover helicopters, because aircraft are not "motor vehicles" for purposes of UIM

—————————————————————

1. A claim against J.C. Penney Life Insurance Company, the carrier of the third policy, was settled.

coverage. Respondents also argued that their policies explicitly limited UIM coverage to "motorized *land* vehicles." (Emphasis added.)

**{¶ 3}** Noting that these actions presented "unique and potentially dispositive questions of law for which there is no controlling precedent" in Ohio, the United States District Court, Northern District of Ohio, Eastern Division, certified two questions of law to this court pursuant to S.Ct.Prac.R. XVIII.

_____

*Murray & Murray Co*., *L.P.A*., *Dennis E. Murray, Sr., Dennis E. Murray, Jr.,* and *Leslie Blair Graden*, for petitioners.

*Weston, Hurd, Fallon, Paisley & Howley, L.L.P*., and *Scott C. Smith,* for respondent Pacific Indemnity Company.

*Fauver, Tattersall & Gallagher, P.L.L.*, *John P. Gallagher* and *Kurt D. Anderson,* for respondent Auto Owners (Mutual) Insurance Company.

_____

**MOYER, C.J.**

**{¶ 4}** The certified questions presented to this court are as follows:

"(1) Is a helicopter a 'motor vehicle' under Ohio Revised Code § 4501.01 for purposes of the mandatory underinsured motorist coverage set forth in Ohio Revised Code § 3937.18?;

"(2) Does the word 'land,' incorporated by reference in the form Auto-Owners policy, impermissibly modify the words 'motorized vehicle' so as to eliminate UIM coverage mandated by Ohio Revised Code § 3937.18?"[2]

**{¶ 5}** We answer both questions in the negative. The first question requires us to determine whether the term "motor vehicle" as it is used in R.C. 3937.18

_____

2. We note that both the Pacific Indemnity policy and the Auto Owners policy use the "land" vehicle restriction somewhere in their policies. We make no comment as to whether the restriction affects the UIM coverage in both, however.

includes helicopters. It is well established that "[i]n construing a statute, a court's paramount concern is the legislative intent in enacting the statute. * * * In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." *State v. S.R.* (1992), 63 Ohio St.3d 590, 594-595, 589 N.E.2d 1319, 1323. It is also well established that absent a specific statutory definition, words are to be given their usual, normal, and customary meaning. See R.C. 1.42.

{¶ 6} The General Assembly did not define the term "motor vehicle" as used in R.C. 3937.18 and other sections of R.C. Title 39. "Motor vehicle" is defined in various sections of R.C. Title 45. However, these definitions specifically indicate the statutory provisions to which they apply. None refers to R.C. 3937.18 or to any other provision of R.C. Title 39. All but one of these definitions specifically limit a "motor vehicle" to something that can be operated on a highway or public road. See R.C. 4501.01, 4509.01, 4511.01, 4549.41. We have previously considered these definitions and their application to other nonspecified statutes. *State v. Heins* (1995), 72 Ohio St.3d 504, 651 N.E.2d 933.

{¶ 7} In *Heins*, we held that in the absence of a definition specifically applicable to the statute at issue, the term "motor vehicle" did not include a State Highway Patrol helicopter. After reviewing the various definitions in R.C. Title 45 and reviewing the statutory scheme and context of those definitions, we concluded that the phrase "motor vehicle" is "generally meant to refer to land-operated vehicles." *State v. Heins*, 72 Ohio St.3d at 508, 651 N.E.2d at 936. The United States Supreme Court has also held that in common usage, the term "vehicle" "calls up the picture of a thing moving on land." *McBoyle v. United States* (1931), 283 U.S. 25, 26, 51 S.Ct. 340, 340, 75 L.Ed. 816, 818.

{¶ 8} These cases are helpful but do not define the meaning of "motor vehicles" under the uninsured/underinsured motorist insurance ("UIM") statute. The absence of a definition of "motor vehicles" in R.C. 3937.18 and conflicting

definitions of the term elsewhere in the Revised Code and in dictionaries of general usage create an ambiguity as to the meaning of the term "motor vehicle" in this context. Ambiguity in a statute should be resolved by examining the legislative intent of the statute.

{¶ 9} R.C. 3937.18(A) mandates that an "automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person" with respect to "any motor vehicle registered or principally garaged in this state" must provide equal coverage for damage by an uninsured or underinsured "motorist."

{¶ 10} The legislative history on this statute is scant; however, the Summary of 1970 Enactments, Jan.-June 1970, 108th General Assembly, at 94 (Am.H.B. No. 620) states that the purpose of the original uninsured motorist statute was to make additional coverage available in "automobile insurance policies." The purpose statement refers to the "driver at fault" and victims who are "injured by a driver." "Driver" is not commonly used to refer to an owner or operator of a helicopter. Nowhere in the legislative history is there a reference to helicopters or other aircraft, or to any means of transportation that cannot be used upon a highway.

{¶ 11} Further, in reviewing the legislative history of more recent amendments, it appears that this section is related to the financial responsibility laws in R.C. 4509.01 *et seq*. See Bulletin, 120th General Assembly of the State of Ohio (1993-1994), S.B. No. 20, in 145 Ohio Senate and House Journals Index and Appendix (1993-1994) 171. This relationship is further supported by the use of parallel language and terminology in R.C. 3937.18 and 4509.01. R.C. 3937.18 specifically applies to any "motor vehicle liability policy" of insurance. This same term is used and specifically defined in the financial responsibility statutes. A "motor-vehicle liability policy" of insurance as defined in R.C. 4509.01(L) is based upon a definition of "vehicle" that is limited to "device[s] by which any person or property may be transported upon a highway." R.C. 4509.01(H). Thus, although

this definition does not specifically apply to R.C. 3937.18 and, therefore, is not controlling, it lends support to the argument that the financial responsibility laws and the UIM statute are related in purpose and that the General Assembly intended them both to apply only to policies that insure against liability arising from the ownership or operation of "vehicles" that can be used for transportation on the highway. A helicopter cannot travel "upon a highway," and we therefore hold that it is not a "motor vehicle" subject to a "motor vehicle liability policy of insurance" under R.C. 3937.18(A).

{¶ 12} Accordingly, we answer both of the certified questions in the negative, holding that a helicopter is not a motor vehicle for purposes of Ohio's mandatory UIM coverage under R.C. 3937.18. Because we hold that the statute does not require that insurance providers offer UIM coverage for vehicles that cannot be used on the highway, insurance providers may contractually limit UIM coverage to motorized land vehicles.[3]

F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and PFEIFER, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

{¶ 13} The first certified question presented to this court is "Is a helicopter a 'motor vehicle' under Ohio Revised Code § 4501.01 for purposes of the

_____

3. R.C. 3937.01 excludes insurance against "liability" arising out of the ownership, maintenance, or use of aircraft from the provisions of R.C. 3937.01 through 3937.16, but not from R.C. 3937.18. The dissent cites this exclusionary provision to support its contention that the General Assembly clearly intended for insurance against liability arising from the use of an aircraft to be included in R.C. 3937.18. However, this exclusion provides no such clarity. The aircraft exclusion in R.C. 3937.01 could apply to motor vehicle insurance policies under the designated sections, or it could apply to other forms of casualty insurance also covered under the specified sections. At best, this exclusion provision may lend support to the argument that the statutory scheme is ambiguous and does not, on its face, define whether the General Assembly intended the UIM statute to apply to aircraft. Once this ambiguity is recognized, we must still look to the legislative history to determine the intent of the General Assembly.

mandatory underinsured motorist coverage set forth in Ohio Revised Code § 3937.18?"

{¶ 14} Chief Justice Moyer, writing for the majority, states that the various code definitions and dictionary definitions are collectively ambiguous. See R.C. 4501.01, 4509.01, 4511.01, and 4549.41. I agree. However, a headlong plunge into a legislative-intent inquiry is quite unnecessary. R.C. 3937.01 states: "Sections 3937.01 to 3937.16 of the Revised Code apply to casualty insurance including fidelity, surety, and guaranty bonds, and to all forms of motor vehicle insurance * * * except * * * (C) Insurance against loss of or damage to aircraft or against liability, other than employer's liability, arising out of the ownership, maintenance, or use of aircraft."

{¶ 15} How much clearer could the General Assembly be? Why rely on "ambiguous" code definitions and "scant" legislative histories, as the majority has done, when the answer is straightforward? If "aircraft" were not regarded as included within the term "motor vehicle," why then would the General Assembly carve out an exception for aircraft insurance from motor vehicle insurance? I do not know, nor do my colleagues.

{¶ 16} R.C. 3937.01 applies to R.C. 3937.01 through 3937.16, not to R.C. 3937.18. Had the General Assembly wanted to except aircraft from the provisions of R.C. 3937.18, it could easily have done so. Given the proximity of the sections, it defies credulity to suggest that the General Assembly did not consider the impact of not extending the aircraft exception to R.C. 3937.18. The majority would ignore this clear indication of legislative intent in favor of analyzing "the legislative history of more recent amendments" in sections that appear related.

{¶ 17} If you choose to ignore R.C. 3937.01, the other various code definitions of "motor vehicle" are ambiguous. Therefore, the majority embarks on a global search of the code to find any definition of motor vehicle that could be engrafted onto R.C. 3937.18 to permit a negative answer to the certified question.

The majority chooses to rely on R.C. 4509.01(H), which applies only to parts of R.C. Chapter 4509. I would rely on R.C. 4501.01, which applies to R.C. Chapter 4501 and "Chapters 4503., 4505., 4507., 4509., 4511., 4513., 4515., and 4517. of the Revised Code, and in the penal laws, except as otherwise provided." R.C. 4501.01. That is, I would rely on the definitional provision that has the widest code application, not the one with the most limited. R.C. 4501.01 even applies to the sections of R.C. Chapter 4509 to which R.C. 4509.01(H) does not apply.

{¶ 18} According to R.C. 4501.01(A), "vehicles" means "everything on wheels or runners * * * but does not mean vehicles that are operated exclusively on rails or tracks or from overhead electric trolley wires and vehicles that belong to any police department, municipal fire department, or volunteer fire department." Respondents argue, in essence, that a helicopter cannot be a "vehicle" because it does not have wheels or runners. They argue that helicopters are equipped with "skids," which are not the same as "runners." However, Webster's Third New International Dictionary (1986) 2133 defines "skid" as "a runner used as a member of the landing gear of an airplane or helicopter." Based upon this definition, skids and runners are the same for purposes of this statute. Therefore, a helicopter on wheels or runners is a "vehicle" as defined in R.C. 4501.01(A).

{¶ 19} A "motor vehicle" is defined in R.C. 4501.01(B) as "any vehicle * * * that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires."[4] A helicopter is a vehicle as defined in R.C. 4501.01(A) and is propelled by power other than the two types excepted. Therefore, a helicopter is a motor vehicle.

{¶ 20} The second certified question is "Does the word 'land,' incorporated by reference in the form Auto-Owners policy [or used in the Pacific Policy],

---

4. There are express exceptions to this general definition; however, none of them is applicable here. R.C. 4501.01(B).

impermissibly modify the words 'motorized vehicle' so as to eliminate UIM coverage mandated by Ohio Revised Code § 3937.18?"

{¶ 21} Because R.C. 3937.18 mandates coverage for all motor vehicles, as defined above, such a modification would impermissibly restrict the coverage and would, therefore, violate public policy. See *Horsely v. United Ohio Ins. Co.* (1991), 58 Ohio St.3d 44, 567 N.E.2d 1004; *Ady v. W. Am. Ins. Co.* (1982), 69 Ohio St.2d 593, 23 O.O.3d 495, 433 N.E.2d 547.

{¶ 22} Accordingly, I would answer both of the certified questions in the affirmative, holding that a helicopter on wheels or runners is a motor vehicle for purposes of Ohio's uninsured/underinsured motorist coverage and that insurance providers may not limit the types of motor vehicles to be covered. I respectfully dissent.

DOUGLAS and RESNICK, JJ., concur in the foregoing dissenting opinion.

———————————