OPINION
On April 2, 1997, a vehicle driven by one George Briggs went left of center and struck a vehicle wherein appellant, Frank Alan Stacy, was a passenger. As a result, appellant sustained serious injuries. At the time of the accident, Mr. Briggs was insured by Westfield National Insurance Company with liability policy limits of $100,000 per person. Appellant settled with Westfield for the full amount. Also at the time of the accident, appellant was acting within the course and scope of his employment with the Tuscarawas County Educational Service Center. Said employer was insured by appellee, Wausau Business Insurance Company, with liability policy limits of $2,000,000 per occurrence. The policy had been issued on or before March 21, 1997. On March 30, 1999 and September 15, 1999, appellant filed a complaint and amended complaint, respectively, against several insurance companies, one of which was appellee. Appellant alleged breach of insurance contract and sought a declaratory judgment. On November 24, 1999, appellant filed a motion for summary judgment claiming coverage under appellee's policy. On December 10, 1999, appellee filed its motion for summary judgment claiming appellant was excluded from coverage. By judgment entry filed December 28, 1999, the trial court denied appellant's motion and granted appellee's motion, finding appellant was not entitled to coverage under appellee's policy because the policy was not an automobile liability policy of insurance for purposes of R.C. 3937.18. Appellant filed an appeal and this matter is before this court for consideration. The sole assignment of error is as follows:
 I THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF WAUSAU BUSINESS INSURANCE COMPANY (AND IN FAILING TO GRANT SUMMARY JUDGMENT IN FAVOR OF FRANK ALAN STACY) INASMUCH AS THE WAUSAU POLICY CONSTITUTES A "MOTOR VEHICLE LIABILITY" POLICY OF INSURANCE MANDATING UNINSURED/UNDERINSURED MOTORIST COVERAGE BY OPERATION OF LAW.
 I
Appellant claims the trial court erred in finding appellee's general commercial liability policy did not provide "motor vehicle liability" coverage. We agree. The single issue presented is whether the specific language of appellee's policy gives it "motor vehicle liability" coverage. If so, the Supreme Court of Ohio's decision in Selander v. Erie Insurance Group (1999), 85 Ohio St.3d 541, mandates that R.C. 3937.18 coverage be offered. The Selander court at 544-545, essentially held that when the specific language of a policy provides for "motor vehicle liability" coverage, even in a narrowly restricted instance, the provisions of R.C. 3937.18
apply. We note the policy sub judice was issued on or before March 21, 1997, prior to the September 1997 amendment to R.C. 3937.18
therefore, there is no controlling R.C. 3937.18 definition of what a "motor vehicle liability policy" is. Appellee's policy provides for the following specific exclusions under Section 1, subsection B: 2. To any liability arising from the ownership, operation, maintenance or use of any owned or non-owned `automobile,' watercraft, or aircraft. Operation of an `automobile' shall be considered to include (1) `loading or unloading,' (2) the operation of any `automobile' in Driver Education Classes, (3) `occupying' any `automobile,' (4) the training or supervision of drivers or their aides, and (5) the activities of drivers or their aides in supervising people `occupying' any vehicle, and (6) the training or supervision of employees who are `loading and unloading' an `automobile.'
The policy then goes on to list the following exceptions:
 a. On premises activities which are necessary or incidental to an `automobile' vocational technical class forming a regular part of the school's instructional program.
b. On premises or between premises use of golf carts or tractors.
 c. Watercraft under 26 feet in length, watercraft powered by motors of less than 10 horsepower, or skulls of any length, if not being used to carry persons or property for a fee. The coverage under this policy for watercraft you do not own shall be excess over any valid and collectible insurance.
 d. Any liability arising from necessary supervision by an `insured' of a person or persons entrusted to the care of that `insured' while aboard a non-owned aircraft or any `non-owned' vehicle operated on rail or crawler treads.
 e. On premises activities involving the use of stationary `automobile' or aircraft in a training or instructional program.
 f. Items 2.(4), (5), and (6) above, if excluded under the `named insureds' automobile or fleet liability policy.
Based upon the exceptions, the question is whether "an automobile vocational technical class," "golf cart or tractors," "non-owned vehicle operated on rail or crawler treads" or "stationary automobile" make appellee's policy a "motor vehicle liability policy." In Delli Bovi v. Pacific Indemnity Co. (1999), 85 Ohio St.3d 343,345, the Supreme Court of Ohio interpreted "motor vehicle" for purpose of R.C. 3937.18 coverage as follows: A `motor-vehicle liability policy' of insurance as defined in R.C.4509.01(L) is based upon a definition of `vehicle' that is limited to `device[s] by which any person or property may be transported upon a highway.' R.C. 4509.01(H). Thus, although this definition does not specifically apply to R.C. 3937.18 and, therefore, is not controlling, it lends support to the argument that the financial responsibility laws and the UIM statute are related in purpose and that the General Assembly intended them both to apply only to policies that insure against liability arising from the ownership or operation of `vehicles' that can be used for transportation on the highway.
Clearly the exceptions of "an automobile vocational technical class," "non-owned vehicle operated on rail or crawler treads" and "stationary automobile" are not covered under the Delli Bovi definition. However, the policy does include coverage for "[o]n premises or between premises use of golf carts or tractors." Under R.C. 4511.01(B), tractors are motor vehicles and, pursuant to 1990 Ohio Atty.Gen.Ops. No. 90-043, golf carts are too. These designations, coupled with the "on premises or between premises" language of the policy, leads us to conclude that appellee's policy is a limited "motor vehicle liability policy" and therefore should have offered uninsured/underinsured motorists coverage. By operation of law, said coverage is incorporated into the policy. Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed and remanded.
 __________________ FARMER, J.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.