[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} On April 18, 1998, plaintiff, Ryan N. Friend, was racing his all terrain vehicle ("ATV") at Pymatuning Raceway in Crawford County, Pennsylvania when he was involved in an accident and suffered personal injury. The identity and location of the individual who is alleged to have caused the accident is not known. Moreover, there are no individuals known to have witnessed the accident.
 {¶ 2} On April 7, 2000, plaintiff filed a complaint with the Franklin County Court of Common Pleas seeking underinsured/uninsured motorist benefits under a garage/auto insurance policy issued by defendant Erie Insurance Company ("Erie") to plaintiff's employer. Plaintiff also filed suit seeking underinsured/uninsured motorist benefits under an automobile liability insurance policy, as well as a homeowner's insurance policy issued by defendant Nationwide Mutual Insurance Company ("Nationwide").
 {¶ 3} On January 12, 2001, both plaintiff and defendant Nationwide filed motions for summary judgment. Defendant Erie Insurance Company filed its motion for summary judgment on January 16, 2001. All motions were fully briefed, and on January 8, 2002, the trial court issued a decision in which it concluded that plaintiff was not entitled to coverage: (1) under Nationwide's motor vehicle policy because plaintiff had failed to present any corroborative evidence that the accident was caused by the negligence of another; (2) under Nationwide's homeowner's policy because that policy was not a motor vehicle liability policy; and (3) under Erie's garage/auto policy because plaintiff is not entitled to recover from the alleged tortfeasor under Pennsylvania law. Accordingly, the trial court denied plaintiff's motion and granted summary judgment to defendants. Plaintiff now appeals, raising the following three "propositions of law:"[1]
 {¶ 4} "[1.] The Nationwide Homeowner's policy provides UM/UIM coverage by operation of law.
 {¶ 5} "[2.] The appellant could recover from the tortfeasor under Pennsylvania law.
 {¶ 6} "[3.] Recovery under Nationwide's auto policy is not barred by Girgis [v. State Farm Mut. Auto Ins. Co. (1996), 75 Ohio St.3d 302.]
 {¶ 7} Plaintiff seeks a determination that the trial court incorrectly entered summary judgment in favor of defendants. In order to make that determination, we review the facts and law applicable to this case independently, without deference to the ruling of the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102. Civ.R. 56(C) provides, as follows:
 {¶ 8} "* * *Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
 {¶ 9} The Ohio Supreme Court has held that in order for a motion for summary judgment to be granted, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280. In order to carry this burden:
 {¶ 10} "* * * [T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * *" Id. at 292-293.
 {¶ 11} Although the court must view the facts in a light most favorable to the nonmoving party, Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, when a properly supported motion for summary judgment is made, the nonmoving party is not permitted to rest upon the allegations or denials contained in his or her pleadings but must come forward with specific facts showing the existence of a genuine issue for trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,111, following Celotex Corp. v. Catrett (1986), 477 U.S. 317,106 S.Ct. 2548; and Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45.
 {¶ 12} In his first assignment of error, plaintiff argues that Nationwide's homeowner's policy provides underinsured/uninsured coverage by operation of law. The following language is contained in the homeowner's policy:
 {¶ 13} "Coverage E — Personal Liability, and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
 {¶ 14} "* * *
 {¶ 15} "e. arising out of the ownership, maintenance, or use of:
 {¶ 16} "* * *
 {¶ 17} "(2) a motor vehicle owned, operated by, or rented or loaned to an insured.
 {¶ 18} "* * *
 {¶ 19} "* * * Exclusions d and e(2) and (3) do not apply to bodily injury to any residence employee arising out of and in the course of employment by an insured."
 {¶ 20} In this case, plaintiff argues that the "residence employee" exception in Nationwide's policy qualifies that policy as an automobile liability insurance policy. In Lemm v. The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251, we explained:
 {¶ 21} "Former R.C. 3937.18 required an insurer to offer underinsured motorist coverage as part of any automobile liability or motor vehicle insurance policy, unless the insured expressly and unambiguously rejected such coverage. The nature of the policy is determined by the type of coverage it provides, not by the label affixed by the insurer. Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541,546, citing St. Paul Fire Marine Ins. Co. v. Gilmore (1991),168 Ariz. 159, 165. The Supreme Court of Ohio has held that even incidental coverage of a motor vehicle is sufficient to bring an insurance policy within the scope of R.C. 3937.18. Selander, at 544. Absent evidence that the policy holder was specifically offered and clearly rejected underinsured motorist coverage, such coverage exists by operation of law. Abate v. Pioneer Mutual Cas. Co. (1970),22 Ohio St.2d 161."
 {¶ 22} Although in Lemm we determined that a "residence employee" exception, when contained in a homeowner's policy, qualifies that policy as a motor vehicle liability policy, on December 13, 2002, the Ohio Supreme Court reversed our decision in Lemm, explaining that "we hold that a residence-employee clause in an insurance policy that provides coverage incidental to home ownership does not convert the policy into a motor vehicle policy subject to the mandates of former R.C. 3937.18." Hillyer v. State Farm Fire Casualty Co. (2002), 97 Ohio St.3d 411,2002-Ohio-6662, ¶ 13. Specifically, the Ohio Supreme Court held:
 {¶ 23} "Like the policy in Davidson, the policies at issue expressly exclude liability coverage for injuries arising from the use of motor vehicles. The residence-employee exception allows liability coverage when employee is injured in any manner while in the course of employment, whether or not a motor vehicle is involved. If coverage arises under this exception, it is because the residence employee was injured, not because a motor vehicle was involved. The use of a motor vehicle is merely incidental to coverage against liability to the residence employee. Therefore, we hold that Davidson applies.
 {¶ 24} "We agree with the analysis of the Cuyahoga County Court of Appeals in Panozzo that `the defining characteristic of coverage is the person involved [the residence employee], not the fact that a motor vehicle was involved.' `[T]he fact that an automobile may be involved is incidental to coverage * * *.' Id. Therefore, the policies at issue are not subject to the requirement of former R.C. 3937.18(A).
 {¶ 25} "This result comports with R.C. 4509.01 et seq., Ohio's motor vehicle financial-responsibility statute. The policies at issue were not intended to satisfy the statutory requirement of financial responsibility against liability arising from the ownership or operation of vehicles used for transportation on the highway. See Delli Bovi v. Pacific Indemn. Co. (1999), 85 Ohio St.3d 343, 345, 708 N.E.2d 693. `Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises.' Davidson,91 Ohio St.3d at 269, 744 N.E.2d 713.
 {¶ 26} "We find that the limited liability coverage that may arise under the residence-employee exception in a homeowner's insurance policy is insufficient to transform the policy into a motor vehicle policy for purposes of former R.C. 3937.18(A). Consequently, we affirm the judgment of the court of appeals in Hillyer, Panozzo, and Burnett. We reverse the judgment of the court of appeals in Lemm and remand for proceedings consistent with this opinion." Id. at ¶ 23-¶ 26.
 {¶ 27} Accordingly, plaintiff's first assignment of error is overruled.
 {¶ 28} In his second assignment of error, plaintiff contends the trial court incorrectly concluded that he could not recover under the Erie garage/auto insurance policy. Pursuant to the Erie policy, plaintiff is entitled to recover uninsured/underinsured motorist benefits in situations where the plaintiff has a legal right to recover from the negligent owner or operator of a motor vehicle. The specific policy language provides: "We will pay damages from bodily injury that the law entitles you or your legal representative to recover from the owner or operator of an uninsured motor vehicle." See Kurent v. Farmers Insurance of Columbus (1991), 62 Ohio St.3d 242.
 {¶ 29} In his complaint, plaintiff states that he was racing his ATV at Pymatuning Raceway in Crawford County, Pennsylvania. In his deposition, plaintiff explained that he paid to enter a two-heat race with approximately ten other racers on a dedicated track. Each race consisted of three laps around that track. In order to race, plaintiff wore protective boots, pants, a chest protector, shoulder pads, a helmet, gloves, and goggles. Plaintiff acknowledged that in the event of an accident, a traditional yellow flag would be displayed. Plaintiff also signed a waiver agreeing to not hold the race organizer or track liable for injury.
 {¶ 30} In this case, the accident occurred in Pennsylvania, and both plaintiff and defendant Erie agree that Pennsylvania law governs whether plaintiff is legally entitled to recover from the operator of the second ATV. Pennsylvania has established a "no duty" rule. In Jones v. Three Rivers Management Corp. (1978), 394 A.2d 546, the plaintiff was injured at Three Rivers Stadium when she was struck by a baseball hit during batting practice. Therein, the Pennsylvania Supreme Court held that "[r]ecovery is not granted to those who voluntarily expose themselves to the kind of risks involved" in viewing a baseball game. Id. at 550. The Supreme Court went on to explain:
 {¶ 31} "* * * We have therefore regularly granted or affirmed judgments n.o.v. in cases involving places of amusement where the plaintiff alleges no more than injury caused by a risk inherent in the activity in question. Only when the plaintiff introduces adequate evidence that the amusement facility in which he was injured deviated in some relevant respect from established custom will it be proper for an `inherent-risk' case to go to the jury.
 {¶ 32} "* * *
 {¶ 33} "Thus, `no-duty' rules, apply only to risks which are `common, frequent and expected.' * * *" Id. at 550, 551.
 {¶ 34} In this case, plaintiff has failed to come forward with any specific evidence which would raise a genuine issue of material fact that accidents while engaged in racing are anything but "common, frequent and expected." Indeed, our review of the record leads us to conclude that there is no material issue of fact that when plaintiff chose to participate in the ATV race, he voluntarily exposed himself to the risks inherent in racing ATV's, including specifically, the risk of a collision or accident. Accordingly, plaintiff's second assignment of error is overruled.
 {¶ 35} In his third assignment of error, plaintiff argues that the trial court incorrectly determined that he was not entitled to recover under the automobile insurance policy issued by defendant Nationwide Insurance Company. Nationwide argues that plaintiff is precluded from making a claim in this instance because he has failed to produce any independent corroborative evidence that the collision was caused by the negligence of a second party.
 {¶ 36} In Girgis v. State Farm Mut. Auto. Ins. Co. (1996),75 Ohio St.3d 302, the Ohio Supreme Court held that Ohio law precludes insurance contract provisions which require actual physical contact between vehicles as a prerequisite to recovery. Although the Supreme Court noted that the irrefutable presumption of the physical contact provision was unduly "harsh," it apparently did not consider insureds trustworthy enough to allow their uncorroborated testimony in cases of no contact. Thus, the Supreme Court replaced the physical contact rule with the "independent corroborative evidence" rule. The Supreme Court explained:
 {¶ 37} "The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident. * * *" Id. at paragraph two of the syllabus.
 {¶ 38} In Muncy v. American Select Ins. Co. (June 30, 1998), Franklin App. No. 97APE09-1226, this court explained that corroborative evidence is evidence which supplements evidence that has already been given and which tends to strengthen or confirm it. "It is additional evidence, of a different character, to the same point." Id., citing State v. Economo (1996), 76 Ohio St.3d 56.
 {¶ 39} Girgis has been applied many times by this court. See Combs v. Allstate Ins. Co. (June 29, 2000), Franklin App. No. 99AP-822; Medvedkov v. Doe (Dec. 28, 2000), Franklin App. No. 00AP-358; Willford v. Allstate Indemn. Co. (Nov. 10, 1997), Franklin App. No. 97APE05-657; England v. Grange Mut. Cas. Co. (Dec. 23, 1997), Franklin App. No. 97APE07-894; Muncy, supra.
 {¶ 40} In this case, plaintiff claims that the identity of the operator of the second ATV is unknown and concedes that there are no individuals who witnessed the accident. As noted, Girgis, supra, permits a claim for uninsured motorist coverage based upon the negligence of an unidentified individual, when the existence of that individual, and his or her negligence, is corroborated by independent third-party testimony. Because there is no independent evidence that another vehicle or operator was the cause of this accident, plaintiff cannot establish a cognizable claim. Accordingly, plaintiff's third assignment of error is overruled.
 {¶ 41} Having overruled each of the plaintiff's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
TYACK, P.J., and DESHLER, J., concur.
[1] Pursuant to App.R. 16(A), plaintiff's "propositions of law" should be labeled "assignments of error" and should also be accompanied with a reference to the place in the record where each error is reflected.