OPINION
{¶ 1} Plaintiff-appellant, Cincinnati Insurance Company ("CIC"), appeals a decision of the Jefferson County Common Pleas Court granting summary judgment in a declaratory judgment action in favor of defendants/third-party plaintiffs-appellees, Gregory L. Torok, Cheryle L. Torok, and Jamison Torok.[1] The court held that a homeowner's insurance policy issued by CIC provided underinsured motorists (UIM) coverage to the Toroks by operation of law.
 {¶ 2} Defendant/third-party plaintiff-appellee, Jamison Torok (Jamison), is the minor son of defendants/third-party plaintiffs-appellees, Gregory L. and Cheryle L. Torok. On July 21, 1999, Jamison was a back seat passenger in a motor vehicle driven by Nathan Finney (Finney). Finney lost control of the vehicle and Jamison was severely injured. Finney's insurer paid the Toroks its policy limits of $25,000.
 {¶ 3} Alleging that their damages exceeded $25,000, the Toroks presented claims for UIM coverage benefits against several insurers. The present litigation was initiated by CIC on March 20, 2000 in Belmont County Common Pleas Court when it filed a complaint for declaratory judgment seeking a determination that the Toroks were not entitled to UIM coverage benefits under a homeowners policy issued by it. The case was transferred to Jefferson County Common Pleas Court on April 28, 2000 pursuant to a motion for change of venue. On August 10, 2000, a journal entry was filed which stated, by agreement of the parties, that the Toroks had leave to amend their answer and counterclaim to file a third party complaint against additional insurance companies. On August 14, 2000, the Toroks filed their amended answer, counterclaim, and third-party complaint against Chubb Group/Federal Insurance Company (Federal).[2]
 {¶ 4} The parties subsequently filed cross motions for summary judgment. The trial court granted the Toroks' motion and denied CIC's. This appeal followed.
 {¶ 5} CIC's sole assignment of error states:
 {¶ 6} "The trial court erred in granting Defendant Gregory Torok's motion for summary judgment and denying Plaintiff Cincinnati Insurance Company's motion for summary judgment."
 {¶ 7} A declaratory judgment action allows a court of record to declare the rights, status, and other legal relations of the parties. See Civ.R. 57 and R.C. 2721.01 et seq. Such an action is an appropriate mechanism for establishing the obligations of an insurer in a controversy between it and its insured as to the fact or extent of liability under a policy. See Lessak v. Metropolitan Cas. Ins. Co. of N.Y. (1958),168 Ohio St. 153, 155. When a declaratory judgment action is disposed of by summary judgment our review of the trial court's resolution of legal issues is de novo. King v. Western Reserve Group (1997), 125 Ohio App.3d 1,5. Hence, summary judgment is proper when: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Industries, Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 346.
 {¶ 8} The Toroks argue that the residence-employee exception to the policy exclusions qualify the policy as a motor vehicle liability insurance policy. Therefore, according to the Toroks, CIC was obligated under R.C. 3937.18(A) to offer UIM coverage as part of the policy. Since CIC had not offered the coverage, they assert it exists as a matter of law.
 {¶ 9} Former R.C. 3937.18 provided that "[n]o automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state" unless both UM and UIM motorist coverage are provided. If UM/UIM coverage was not offered, it became part of the policy by operation of law. Davidson v. Motorists Mut. Ins. Co. (2001),91 Ohio St.3d 262, 264, 2001-Ohio-36.
 {¶ 10} Since the issue is whether the insurance policy at hand is a motor vehicle liability policy for purposes of former R.C. 3937.18, our analysis begins with the language of the insurance contact. Id.
 {¶ 11} The policy at issue is labeled a homeowner's policy and provides:
 {¶ 12} "Section II — Liability Coverages
 {¶ 13} "Coverage E — Bodily Injury, Personal Injury and Property Damage Liability
 {¶ 14} "If a claim is made or a suit is brought against any insured for damages because of bodily injury, personal injury, or property damage arising out of an occurrence to which this coverage applies, we will:
 {¶ 15} "a. pay up to our limit of liability for the damages arising out of bodily injury, personal injury, or property damage for which the insured is legally liable. Damages include prejudgment interest awarded against the insured; and
 {¶ 16} "b. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.
 {¶ 17} The policy then provides exclusions to coverage, including an exclusion relating to the use of motor vehicles by an insured. The exclusion section states:
 {¶ 18} "Section II — Exclusions
 {¶ 19} "1. Coverage E — Bodily Injury, Personal Injury and Property Damage Liability and Coverage F — Medical Payments to Others do not apply to bodily injury, personal injury, or property damage:
 {¶ 20} "* * *
 {¶ 21} "f. arising out of:
 {¶ 22} "(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
 {¶ 23} "(2) the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person; or
 {¶ 24} "(3) vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
 {¶ 25} "This exclusion does not apply to:
 {¶ 26} "(1) a trailer not towed by or carried on a motorized land conveyance.
 {¶ 27} "(2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
 {¶ 28} "(a) not owned by an insured; or
 {¶ 29} "(b) owned by an insured and on an insured location.
 {¶ 30} "(3) a motorized golf cart.
 {¶ 31} "(4) a vehicle or conveyance not subject to motor vehicle registration which is:
 {¶ 32} "(a) used to service an insured's residence; or
 {¶ 33} "(b) designed for assisting the handicapped; or
 {¶ 34} "(c) in dead storage on an insured location.
 {¶ 35} "* * *
 {¶ 36} "Exclusions e., f., g., and h. do not apply to bodily injury and personal injury to a residence employee arising out of and in the course of the residence employee's employment by an insured."
 {¶ 37} In reaching its conclusion that the Toroks were entitled to UIM coverage under the policy, the trial court relied on the Ohio Supreme Court decision Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541, and an unreported appellate court decision interpreting and applying that precedent. In Selander, the court examined whether a general business liability policy qualified as an automobile liability or motor vehicle policy under R.C. 3937.18 thereby requiring it to offer UM/UIM coverage. The policy included an "Extension of Coverage" section that provided liability coverage for accidents involving hired or nonowned automobiles. The court found that the policy expressly provided automobile liability coverage and that UM/UIM coverage was required. The court held that "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/undersinsured coverage must be provided." Id. at 544.
 {¶ 38} During the pendency of this appeal, the Ohio Supreme Court specifically took up the issue presented by this appeal based on a conflict amongst various appellate districts. At oral argument on the case sub judice the parties agreed and this court so ordered that the appeal be held in abeyance pending the court's resolution of the issue.
 {¶ 39} In Hillyer v. State Farm Fire Cas. Co.,97 Ohio St.3d 411, 2002-Ohio-6662, at ¶ 21-26, the Ohio Supreme Court stated in relevant part:
 {¶ 40} "In Davidson [v. Motorists Mut. Ins. Co. (2001),91 Ohio St.3d 262, 2001-Ohio-36], we distinguished Selander by focusing on the type of coverage each policy provided. Selander involved a business liability policy issued to a partnership. The policy generally excluded coverage for automobiles; however, it provided some automobile liability coverage for claims of vicarious liability arising from the use of unspecified hired or nonowned vehicles used in the course of the business. Because the business policy provided some liability coverage in limited circumstances, we held that UM/UIM coverage must be provided.Selander, 85 Ohio St.3d at 544-545, 709 N.E.2d 1161. The policy inDavidson was a homeowner's policy that excluded liability coverage resulting from the use of motor vehicles generally, but provided some limited motor vehicle liability coverage for a narrow class of motor vehicles excepted from the policy's general exclusions. Id.,91 Ohio St.3d at 267, 744 N.E.2d 713.
 {¶ 41} "* * *
 {¶ 42} "Like the policy in Davidson, the policies at issue expressly exclude liability coverage for injuries arising from the use of motor vehicles. The residence-employee exception allows liability coverage when employee is injured in any manner while in the course of employment, whether or not a motor vehicle is involved. If coverage arises under this exception, it is because the residence employee was injured, not because a motor vehicle was involved. The use of a motor vehicle is merely incidental to coverage against liability to the residence employee. Therefore, we hold that Davidson applies.
 {¶ 43} "We agree with the analysis of the Cuyahoga County Court of Appeals in Panozzo [v. Allstate Ins. Co. (Sept. 13, 2001), 8th Dist. No. 79083] (that `the defining characteristic of coverage is the person involved [the residence employee], not the fact that a motor vehicle was involved.' `[T]he fact that an automobile may be involved is incidental to coverage * * *.' Id. Therefore, the policies at issue are not subject to the requirement of former R.C. 3937.18(A).
 {¶ 44} "This result comports with R.C. 4509.01 et seq., Ohio's motor vehicle financial-responsibility statute. The policies at issue were not intended to satisfy the statutory requirement of financial responsibility against liability arising from the ownership or operation of vehicles used for transportation on the highway. See Delli Bovi v.Pacific Indemn. Co. (1999), 85 Ohio St.3d 343, 345, 708 N.E.2d 693. `Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises.' Davidson,91 Ohio St.3d at 269, 744 N.E.2d 713.
 {¶ 45} We find that the limited liability coverage that may arise under the residence-employee exception in a homeowner's insurance policy is insufficient to transform the policy into a motor vehicle policy for purposes of former R.C. 3937.18(A). * * *"
 {¶ 46} Therefore, based on the Ohio Supreme Court's decision inHillyer v. State Farm Fire Cas. Co., 97 Ohio St.3d 411,2002-Ohio-6662, CIC's sole assignment of error has merit and the judgment of the trial court is hereby reversed and judgment is hereby entered for plaintiff-appellant, Cincinnati Insurance Company.
Vukovich and Waite, JJ., concur.
[1] Gregory L. and Cheryl L. Torok, and their minor son, Jamison Torok, when referred to collectively will hereinafter be referred to as the Toroks.
[2] Federal and the Toroks subsequently filed joint stipulations and cross motions for summary judgment. The trial court granted the Toroks' motion and denied Federal's. Federal appealed that decision to this court and the appeal was assigned Case No. 01-JE-24 and currently remains pending.