JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Dudley McDonald ("McDonald") appeals from the judgment of the trial court granting summary judgment in favor of defendant-appellee Motorists Mutual Insurance Company ("Motorists Mutual"), the automobile insurance carrier for Bonnie Speed Deliveries, Inc. ("Bonnie Speed"). For the reasons set forth below, we reverse the decision of the trial court and remand for further proceedings.
 {¶ 2} McDonald sustained injuries while riding a bicycle when he was struck by a hit-skip motorist. He maintains that he was in the course and scope of his employment as an employee of Bonnie Speed. However, there is some dispute as to whether appellant was an employee of or independent contractor for Bonnie Speed at the time of the accident. He filed suit against Motorists Mutual and the driver, who was eventually identified as Barbara Clayton, and Kenneth Clayton, the owner of the automobile.[1]
 {¶ 3} Motorists Mutual issued a Business Automobile Coverage ("BAC") Policy to Bonnie Speed. The BAC Declarations Page listed Bonnie Speed Delivery, Inc. as the named insured. The policy expressly provided for Uninsured/Underinsured (UM/UIM) coverage of up to $1,000,000 per accident.
 {¶ 4} Motorists Mutual filed a motion for summary judgment arguing that McDonald was not an insured under their policy because he did not fit within the definition of an insured. The trial court agreed and granted Motorists Mutual's motion for summary judgment finding that McDonald was not entitled to UM/UIM coverage under the Motorists Mutual Policy because he was not occupying a "covered" auto at the time of the accident. It is from this ruling that McDonald appeals, asserting a sole assignment of error for our review:
 {¶ 5} "I. The trial court erred in granting summary judgment in favor of defendant-appellee because pursuant toScott-Pontzer and Westfield v. Galatis, appellant was entitled to underinsured motorist benefits under his employer's commercial auto insurance policy." We employ a de novo review in determining whether summary judgment was properly granted.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585.
 {¶ 6} Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Horton v. Harwick Chem.Corp., 73 Ohio St.3d 679, 1995-Ohio-286, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v.Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389.
 {¶ 7} In Scott-Pontzer, 85 Ohio St.3d 660, 1999-Ohio-292, the Supreme Court of Ohio considered the issue of whether "an employee * * * was an insured for purposes of underinsured motorist coverage" pursuant to a policy that was issued to the claimant's employer, Superior Dairy. The policy defined an "insured" as:
 {¶ 8} "1. You.
 {¶ 9} "2. If you are an individual, any family member."
 {¶ 10} The Court held that "where a commercial auto policy issued to a corporation defined the named insured as `you' and `If you are an individual, any family member,'" such policy language was ambiguous. The Court further found that, because a corporation cannot occupy an automobile or suffer from bodily injury, it was meaningless to limit protection solely to the corporation. The Court therefore found that "you" included employees of the corporation.
 {¶ 11} In Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, the Ohio Supreme Court examined identical policy language and agreed that the term "you" is ambiguous where the policyholder is a corporation. The court held, however, that the term had to be construed to mean employees within the scope of their employment, and limited the application of theScott-Pontzer decision accordingly.
 {¶ 12} In this case, the Motorists Mutual policy lists Bonnie Speed Delivery, Inc. as the named insured on the Business Auto Coverage Form Declarations Page. The UM Endorsement provides:
 {¶ 13} "Who is an insured:
 {¶ 14} "1. You.
 {¶ 15} "2. If you are an individual, any `family member.'
 {¶ 16} "3. Your employees while occupying a covered `auto' or a temporary substitute for a covered `auto' * * *."
 {¶ 17} Motorists Mutual contends that since section three clearly applies to employees, it is unnecessary to construe "You" to mean employees of Bonnie Speed as the Ohio Supreme Court did in Scott-Pontzer. It follows, they argue, that since McDonald was not occupying a covered "auto" at the time of the accident, he is not an insured under section 3.[2]
 {¶ 18} To the contrary, McDonald maintains that he is an insured pursuant to section 1. He maintains that when it is read in accordance with Scott-Pontzer, "you" means an employee of Bonnie Speed and under Galatis, he is therefore covered for a loss sustained if the loss occurred within the course and scope of employment, which he claims it was. He further avers that sections 1 and 3 of the definition of who is an insured are inherently ambiguous and thus should be construed against the insurer. We agree.
 {¶ 19} In ascertaining the meaning of the policy language, we begin by noting that common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or the overall contents of the instrument. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph two of the syllabus. Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract, or if the terms are reasonably susceptible to more than one interpretation. United States Fid. Guar. Co. v. St. Elizabeth Med. Ctr. (1998),129 Ohio App.3d 45, 55. If the provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. King v. Nationwide (1988), 35 Ohio St.3d 208, syllabus.
 {¶ 20} As an initial matter, we find that the definition of "Who is insured" in the Motorists Mutual policy is susceptible to more than one interpretation. If he is an employee of Bonnie Speed and in the scope of his employment at the time of the accident, McDonald fits squarely within the definition of "Who is an insured" under section 1, to wit, "You." While Motorists Mutual contends that McDonald should be defined under section 3, to wit "Your employees * * *," we find that an ambiguity exists as to which definition should apply. As stated above, if the provision of an insurance contract is reasonably susceptible to more than one interpretation, it will be construed liberally in favor of the insured. Therefore, applying the least restrictive definition, in construing this provision in favor of McDonald as we must, we find that he fits within the definition of "Who is an Insured" under section 1.
 {¶ 21} Secondly, IF McDonald is an employee of Bonnie Speed and was acting in the course and scope of his employment at the time the accident occurred, McDonald is an insured under the UM endorsement in this case. McDonald would therefore be entitled to coverage if no exclusion in the policy bars recovery.
 {¶ 22} However, and most importantly, we find a genuine issue as to material fact exists regarding whether McDonald was an employee of Bonnie Speed in the course and scope of his employment, or merely an independent contractor for Bonnie Speed, which is dispositive in this case. We therefore reverse the trial court's grant of summary judgment in favor of Motorists Mutual and remand the case to the trial court for further proceedings consistent with this opinion. Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Calabrese, Jr., J., Concur.
[1] Service of process was never obtained on Barbara and Kenneth Clayton, thus the first two counts of the complaint failed.
[2] Presumably, the trial court concluded that McDonald was not an insured based on section 3 when it granted summary judgment in favor of Motorists Mutual on the basis that McDonald was not occupying a covered auto at the time of the accident.