STATE AUTOMOBILE INSURANCE COMPANY, Appellee,

v.

PASQUALE et al., Appellants.

[Cite as State Auto. Ins. Co. v. Pasquale, 163 Ohio App.3d 381, 2005-Ohio-4897.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2004–L–002.

Decided Sept. 16, 2005.

Ann E. Leo, for appellee.

Clifford C. Masch and Brian D. Sullivan, for appellants.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} Appellants, Russell J. Pasquale et al., appeal the *Lake County Court of Common Pleas'* award of summary judgment in favor of appellee, State Automobile Insurance Company. For the reasons herein, we reverse.

{¶ 2} On August 25, 2001, appellants' four-year-old son was struck by a Yamaha YZ–250 off-road motorcycle operated by Robert Gersten. The child eventually died from the injuries. As a result of the accident, appellants obtained a recovery from Gersten's liability carrier for his policy limits of $12,500. Appellants possessed personal automobile and business automobile insurance issued by appellee. Appellee consented to appellants' receipt of the tendered policy limits and reserved its right to contest any claim for uninsured/underinsured-motorist ("UM/UIM") coverage under its policies. On September 18, 2002, appellee filed a complaint for declaratory judgment seeking a determination as to whether appellants were entitled to UM/UIM coverage under either the personal auto policy or the business auto policy.

{¶ 3} On June 2, 2003, appellee filed its motion for summary judgment. In its motion, appellee argued that a provision in both policies, which restricted the definition of an uninsured/underinsured motor vehicle, precluded recovery. The provision purported to restrict the definition of uninsured/underinsured vehicle so as to exclude claims arising from vehicles designed mainly for use off public roads while not on public roads. On June 16, 2003, appellants filed a motion in opposition to appellee's motion for summary judgment and their own cross-

motion for summary judgment. In their motion, appellants did not dispute that the vehicle was an "off-road" motorcycle; rather, appellants contended that the off-road vehicle restriction was an invalid restriction of UM/UIM coverage under R.C. 3937.18 as it was drafted by Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2372 ("H.B. 261").

{¶ 4} On December 12, 2003, the trial court granted appellee's motion for summary judgment and denied appellants' motion. In awarding summary judgment to appellee, the trial court relied principally upon the Ohio Supreme Court's reasoning in *Davidson v. Motorists Mut. Ins. Co.*,[1] a case interpreting a pre-H.B. 261 version of R.C. 3837.18. In its judgment entry, the trial court stated:

{¶ 5} "In *Davidson* * * *, the Ohio Supreme Court noted that R.C. 3937.18 requires UM/UIM coverage be offered when the policy is an automobile or motor vehicle liability policy. The court noted that automobiles are subject to motor vehicle registration and are designed for and are used for transporting people on a public highway. Id. at 268, 744 N.E.2d 713. It also noted that the definition of 'motor vehicle liability policy' that is provided in R.C. 4509.01(L) limits the phrase to policies certified as proof of financial responsibility for vehicles in which person or property may be transported upon a highway. Id. at 269, 744 N.E.2d 713. The court then went on to conclude that 'the financial responsibility laws and the UIM statute are related in purpose and that the General Assembly intended them both to apply only to policies that insure against liability arising from the ownership or operation of "vehicles" that can be used for transportation on the highway.' Id., citing *Delli Bovi v. Pacific Indemn. Co.* (1999), 85 Ohio St.3d 343, 345, 708 N.E.2d 693. While *Davidson* dealt with the question of whether a homeowner's insurance policy was required to offer uninsured and underinsured motorist coverage, the reasoning provided by the court is applicable here."

{¶ 6} Pursuant to the foregoing authority, the trial court determined that motor vehicle liability policies need cover only motor vehicles operated on highways. The court reasoned that UM/UIM coverage can be so limited because it is "intended to provide reciprocal or the mutual equivalent of automobile liability coverage and because motor vehicles that are not intended to be operated on highways need not be covered by liability insurance * * *." The court concluded that excluding vehicles not intended for operation on highways does not violate the policies behind R.C. 3937.18.

{¶ 7} Appellant appealed the foregoing judgment entry and raises the following assignments of error:

---

1. *Davidson v. Motorists Mut. Ins. Co.* (2001), 91 Ohio St.3d 262, 744 N.E.2d 713.

{¶ 8} "[1.] Whether the trial court erred in granting summary judgment to State Automobile Insurance Company.

{¶ 9} "[2.] Whether the trial court erred in denying the motion for summary judgment filed by defendant-appellant Russell J. Pasquale."

{¶ 10} An appellate court engages in a de novo review of a trial court's grant of summary judgment.[2] Accordingly, we examine the entire record independently, without deference to the trial court's determinations.[3] We will affirm the trial court's award of summary judgment if the record demonstrates, after reviewing the evidence most strongly in the nonmoving party's favor, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4]

{¶ 11} **Policy Provisions**

{¶ 12} Appellee issued a Personal Auto Policy, No. AOH 5685959, to appellants. Endorsement AUO482(01/01) provides:

{¶ 13} "A. We will pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of:

{¶ 14} "1. An 'uninsured motor vehicle' as defined in sections 1., 2., and 4. of the definition of an 'uninsured motor vehicle' because of 'bodily injury':

{¶ 15} "a. Sustained by an 'insured'; and

{¶ 16} "b. Caused by an accident

{¶ 17} " * * *

{¶ 18} "C. 'Uninsured motor vehicle' means a land motor vehicle or trailer of any type:

{¶ 19} " * * *

{¶ 20} "However, 'uninsured motor vehicle' does not include any vehicle or equipment:

{¶ 21} " * * *

{¶ 22} "4. Designated mainly for use off public roads while not on public roads."

{¶ 23} Appellee also issued a Business Auto Policy, No. BAP 6604234, to appellants which reads:

---

**2.** *Herschell v. Rudolph* (Apr. 12, 2002), 11th Dist. No. 2001–L–069, 2002 WL 549980 at 7.

**3.** Id.

**4.** See Civ.R. 56(C).

{¶ 24} "A. Coverage

{¶ 25} "1. We will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or operator of:

{¶ 26} "a. 'Uninsured motor vehicle' as defined in Paragraphs F.4.A(1), (2) and (3) because of 'bodily injury':

{¶ 27} "(1) sustained by the 'insured';  and

{¶ 28} "(2) caused by 'accident'

{¶ 29} " * * *

{¶ 30} "F. Additional definitions

{¶ 31} "As used in this endorsement:

{¶ 32} " * * *

{¶ 33} "4. 'Uninsured motor vehicle'

{¶ 34} " * * *

{¶ 35} "does not include any vehicle:

{¶ 36} " * * *

{¶ 37} "(2) Designated or used mainly off public roads while not on public roads."

{¶ 38} **Analysis**

{¶ 39} As appellants combine the arguments of their two assigned errors, we shall treat them together.  Appellants argue that the policy restrictions on UM/UIM coverage excluding claims arising from injuries occasioned by vehicles designed mainly for use off public roads while not on public roads are invalid restrictions of coverage under the applicable version of R.C. 3937.18.

{¶ 40} In response, appellee reiterates the argument supporting the trial court's judgment.  Specifically, the trial court awarded appellee summary judgment based upon the clear and unambiguous nature of the exclusion in the policy in conjunction with its belief that such exclusions do not run afoul of the purposes of R.C. 3937.18.

{¶ 41} "[F]or the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties."[5]  Here, the parties stipulated that the applicable version of R.C. 3937.18 is Am.Sub.H.B. No. 261 (effective September 3, 1997).

---

5.  *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 289, 695 N.E.2d 732.

■ {¶ 42} In *Martin v. Midwestern Group Ins. Co.*,[6] the Supreme Court of Ohio underscored that the purpose of UM/UIM coverage as codified in R.C. 3937.18, is to protect persons, not vehicles, from losses which, due to the tortfeasor's lack of coverage, would go uncompensated.[7] Hence, to determine the validity of an exclusion of UM/UIM coverage, a court must determine whether the exclusion comports with the statutory guidelines set forth in R.C. 3937.18.[8] If the exclusion conflicts with or undermines the statute's purpose, it is invalid and unenforceable.[9] The court emphasized that R.C. 3937.18 is the yardstick by which all exclusions of UM/UIM coverage must be measured.[10]

■ {¶ 43} *Martin* operated to invalidate "other owned vehicle" exclusions to the extent that they conflicted with the statute's purpose of protecting people, not vehicles.[11] However, in 1997, *Martin* was superseded by amendments to former R.C. 3937.18(J) through H.B. 261, which permitted an insurance company to (1) exclude insureds who were not occupying covered vehicles and (2) particular classes of vehicles as being outside the definition of an UM/UIM vehicle. Put differently, subsequent to H.B. 261, insurance companies could include, in their insurance policies, exclusions pertaining to UM/UIM coverage as long as the exclusions did not conflict with R.C. 3937.18.[12] While the amendment ostensibly modified the statute's purpose as construed by *Martin*, it did not affect *Martin's* holding that an exclusion of UM/UIM coverage must conform to R.C. 3937.18.[13]

{¶ 44} With this in mind, we note that the applicable version of R.C. 3937.18 (H.B.261) provided:

{¶ 45} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state * * * unless

---

6. (1994), 70 Ohio St.3d 478, 639 N.E.2d 438.

7. Id. at paragraph one of the syllabus.

8. Id. at paragraph two of the syllabus.

9. Id. at 480, 639 N.E.2d 438.

10. Id. at 481, 639 N.E.2d 438.

11. *Westfield Ins. Co. v. Ellis,* 11th Dist. No. 2003–T–0093, 2004-Ohio-4393, 2004 WL 1872823, fn. 3.

12. *Baughman v. State Farm Mut. Auto Ins. Co.* (2000), 88 Ohio St.3d 480, 484, 727 N.E.2d 1265.

13. *Ellis,* supra, ¶ 9; see, also *Kyle v. Buckeye Union Ins. Co.,* 6th Dist. No. L–02–1166, 2003-Ohio-488, 2003 WL 220433, at fn. 2.

both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds:

{¶ 46} " * * *

{¶ 47} "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy * * *.

{¶ 48} " * * *

{¶ 49} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:

{¶ 50} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured * * * if the motor vehicle is not specifically identified in the policy under which a claim is made * * *."

{¶ 51} "(2) While the insured is operating or occupying a motor vehicle without a reasonable belief that the insured is entitled to do so, provided that under no circumstances will an insured whose license has been suspended, revoked, or never issued, be held to have a reasonable belief that the insured is entitled to operate a motor vehicle;

{¶ 52} "(3) When the bodily injury or death is caused by a motor vehicle operated by any person who is specifically excluded from coverage for bodily injury liability in the policy under which the uninsured and underinsured motorist coverages provided."

{¶ 53} Here, the decedent was struck by an underinsured party driving a motor vehicle excluded under the policy; to wit, "a vehicle designated for use off public roads while not on public roads." As indicated above, any exclusion in an insurance policy relating to UM/UIM coverage *must* conform with the dictates of R.C. 3937.18.[14] As far as we can discern, the exclusion in appellee's policy fails to fall into one of the specified "excludable" categories set forth under R.C. 3937.18(J) as it was written at the time of H.B. 261.

{¶ 54} In particular, while the motorcycle that struck the decedent was not identified in the policy, neither appellant nor any other insured was operating or occupying it at the time of the accident. Accordingly, R.C. 3937.18(J)(1) does not

---

14. *Ellis,* supra.

apply. Further, R.C. 3937.18(J)(2) is inapplicable because, again, an insured was not *operating or occupying* the motor vehicle in question. Finally, R.C. 3937.18(J)(3) does not apply because the driver of the motorcycle was not "specifically excluded from coverage for bodily injury liability" under the policy. As the exclusion fails to fall into one of the specified categories set forth under R.C. 3937.18(J), it does not comport with the letter of the statute. Thus, without more, we cannot categorically say it comports with the purpose of the statute as a matter of law.

{¶ 55} Furthermore, H.B. 261 defined four classes of vehicles which would not be understood as "underinsured motor vehicles" and could therefore be properly excluded from coverage:

{¶ 56} "(K) As used in this section, 'uninsured motor vehicle' and 'underinsured motor vehicle' do not include any of the following motor vehicles:

{¶ 57} "(1) A motor vehicle that has applicable liability coverage in the policy under which the uninsured and underinsured motorist coverages are provided;

{¶ 58} "(2) A motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured;

{¶ 59} "(3) A motor vehicle owned by a political subdivision, unless the operator of the motor vehicle has an immunity under Chapter 2744. of the Revised Code that could be raised as a defense in an action brought against the operator by the insured;

{¶ 60} "(4) A motor vehicle self-insured within the meaning of the financial responsibility law of the state in which the motor vehicle is registered."

{¶ 61} The exception which appellee seeks validation, i.e., vehicles designated for use off public roads while not on public roads, does not appear in the statute. Hence, by operation of "expressio unius est exclusio alterius" we cannot say, as a matter of law, that appellee's exclusion is valid under H.B. 261.

{¶ 62} While our research fails to reveal a case precisely on point with the issue in the instant matter, the Sixth Appellate District's opinion in *W. Am. Ins. Co. v. Holman* [15] addressed a similar exclusion and found it invalid under a pre-H.B. 261 version of R.C. 3937.18. In *Holman,* an insured was struck and killed by a sprint racecar while acting as a flagman at a racetrack. The claimant sought underinsured-motorist coverage, but the carrier rejected the claim citing a restriction in the coverage, which provided:

{¶ 63} " '* * * "uninsured motor vehicle" does not include any vehicle or equipment

---

15.  *W. Am. Ins. Co. v. Holman* (1998), 130 Ohio App.3d 450, 720 N.E.2d 212.

{¶ 64} " ' * * *

{¶ 65} " '5. Designed mainly for use off public roads while not on public roads.' " [16]

{¶ 66} The court held the restriction invalid as the vehicle in question was a "motor vehicle" pursuant to R.C. 4501.01(B) and the intent R.C. 3937.18(A)(1) is to provide UM/UIM coverage for injured persons "who have a legal cause of action against a tortfeasor but who are uncompensated because the tortfeasor is either (1) not covered by liability insurance or (2) covered in an amount that is less than the insured's uninsured motorist coverage." [17] The court concluded:

{¶ 67} "[A]ppellant has a legal cause of action against the tortfeasor for her decedent's death but will go uncompensated by the tortfeasor who is uninsured. The exclusion in the policy issued by appellee, if given effect, will eliminate uninsured motorist coverage to appellant even though her claim arises from a cause of action recognized by Ohio tort law, a result that would clearly be contrary to the legislature's intent in enacting R.C. 3937.18." [18]

{¶ 68} The substantive holding in *Holman* is instructive; however, the fact that *Holman* was based upon a pre-H.B. 261 version of R.C 3937.18 is perhaps more illuminating. While drafting H.B. 261, the legislature had a universe of possible exclusions and limitations it could have included in the retooled version of R.C. 3937.18. Because insurance carriers attempted to exclude recreational vehicles from UM/UIM coverage prior to H.B. 261,[19] we can presume that the legislature was aware that carriers found such exclusions desirable. However, the legislature did not specifically permit the exclusion of recreational vehicles in H.B. 261. In our view, such an omission is telling: the General Assembly did not intend such exclusions to fall within the scope of valid UM/UIM limitations. In our view, the exclusion at issue is invalid as it failed to comport with R.C. 3937.18.

{¶ 69} In concluding that appellee's exclusion did not violate the policies behind R.C. 3937.18, the trial court failed to engage in an analysis of the language of the statute. Rather, it arrived at its decision solely through an application of the reasoning in *Davidson*, supra. While the trial court's reasoning is novel and creative, we hold that *Davidson* does not apply to the issue at bar. First, the issue in *Davidson* was whether a homeowner's insurance policy was transformed

---

**16.** Id. at 452–453, 720 N.E.2d 212.

**17.** Id. at 454, 720 N.E.2d 212.

**18.** Id. at 455, 720 N.E.2d 212.

**19.** See *Holman*, supra; see, also, *Baker v. Economy Fire & Cas. Co.* (Nov. 18, 1985), 12th Dist. No. CA85–05–048, 1985 WL 3688.

into a motor vehicle liability policy and therefore subject to UM/UIM coverage because it provided limited liability coverage for a "motorized conveyance designed for recreational use." By contrast, we are asked to resolve whether a limitation on UM/UIM coverage is valid pursuant to R.C. 3937.18 as it existed under H.B. 261. Both policies at issue on this appeal are motor vehicle liability policies. Therefore, UM/UIM coverage is presumptively required, subject to the limitations and exceptions set forth in the H.B. 261 version of R.C. 3937.18. The concerns animating the issues in *Davidson* are, in effect, nonissues for our purposes.

{¶ 70} We believe that the trial court erred as a matter of law when it resolved the current issue on the basis of *Davidson*. "It is well established that 'in construing a statute, a court's paramount concern is the legislative intent in enacting the statute.* * * In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished.' " [20] *Davidson*, while indicating that UM/UIM coverage should be limited to vehicles designed for highway use, was interpreting a pre-H.B. 261 version of R.C. 3937.18. Hence, in order to determine whether the exclusion itself is congruent with the policies behind R.C. 3937.18 as it existed under H.B. 261, a court must observe whether the exclusion contradicts or is outside the scope of the language of the statute and the case law surrounding H.B. 261. The trial court's judgment entry fails to reflect any such consideration.

{¶ 71} Therefore, we hold that the trial court erred in awarding appellee summary judgment because the exclusions to the insurance policies at issue are contrary to the language of and policies behind R.C. 3937.18 as it existed under H.B. 261. To the extent that the exclusions do not comply with R.C. 3937.18, appellants were entitled to summary judgment as a matter of law.

{¶ 72} For the above reasons, appellant's first and second assignments of error are sustained. Thus, the judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment accordingly.

DONALD R. FORD, P.J., concurs.

DIANE V. GRENDELL, J., dissents.

DIANE V. GRENDELL, Judge, dissenting.

{¶ 73} While sympathetic to appellants' personal loss, I respectfully dissent.

---

20. *Delli Bovi v. Pacific Indemn. Co.* (1999), 85 Ohio St.3d 343, 344, 708 N.E.2d 693, quoting *State v. S.R.* (1992), 63 Ohio St.3d 590, 594–595, 589 N.E.2d 1319.

{¶ 74} The well-reasoned decision of the trial court is correct. The legislature intended financial responsibility laws and the UM/UIM statute "to apply only to policies that insure against liability arising from the ownership or operation of 'vehicles' that can be used for transportation *on the highway.*" (Emphasis added.) *Davidson v. Motorists Mut. Ins. Co.* (2001), 91 Ohio St.3d 262, 269, 744 N.E.2d 713. Such limitation is logical since the purpose of the UM/UIM statute is the protection of those using the highways from injury caused by other users of the highways who have no or inadequate liability coverage. *Cincinnati Indemn. Co. v. Martin* (1999), 85 Ohio St.3d 604, 608, 710 N.E.2d 677; *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 480, 639 N.E.2d 438. As the court in *Davidson* correctly noted, vehicles designed for and used on public highways are the focus of statutory UM/UIM coverage requirements. Id. at 268, 744 N.E.2d 713. With this in mind, the state statute does not have to expressly exempt go-carts, dirt bikes, and off-road vehicles from the statutory UM/UIM mandates because these vehicles are *not* designed for highway use. The trial court is correct—excluding vehicles not intended for operation on highways does not violate the policies behind R.C. 3937.18.

{¶ 75} Under the majority's analysis, individuals harmed on walking trails by recreational vehicles or, on a golf course by a golf cart, or injured by a go-cart at a go-cart track can seek UM/UIM coverage compensation. The risk of such injury is incalculable since most of those vehicles do not require registration or are outside the regulatory scheme. This open-ended, incalculable, outside-the-scope-of-the-written policy expansion of automobile liability insurance coverage is reminiscent of the flawed analysis in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.

{¶ 76} In this case, appellant's loss is tragic. However, appellee's policy did not provide UM/UIM coverage for motor vehicles "[d]esignated for use off public roads while not on public roads." Appellants did not dispute that the vehicle involved in this tragic accident was an off-road vehicle. Thus, this accident did not fall within appellee's policy coverage. Since this vehicle was not designed for highway use, that policy exclusion is not an invalid restriction under R.C. 3937.18. See *Davidson*, 91 Ohio St.3d at 269, 744 N.E.2d 713.

{¶ 77} For these reasons, the judgment of the Lake County Court of Common Pleas should be affirmed.