JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Motorists Mutual Insurance Company ("Motorists"), appeals the trial court's decision that Plaintiff-Appellee, Dudley McDonald ("McDonald"), was entitled to uninsured motorists ("UM") coverage under the Motorists' policy. For the reasons set forth below, we affirm.
 {¶ 2} On January 25, 2000, McDonald was injured while riding his bicycle when he was struck by an automobile operated by Barbara Clayton ("Clayton") in Cleveland, Ohio. At the time of the accident, Clayton was uninsured and McDonald did not carry personal uninsured or underinsured motorist ("UM/UIM") coverage. Bonnie Speed, however, was insured under a policy issued by Motorists, which was effective on March 11, 1999 to March 11, 2000.
 {¶ 3} As a result of the aforementioned accident, on October 19, 2002, McDonald filed suit against Motorists averring he was entitled to UM coverage under the Motorists policy because he was an employee in the course and scope of his employment for Bonnie Speed at the time of the accident.
 {¶ 4} Motorists and McDonald subsequently filed cross-motions for summary judgment. On November 12, 2003, the trial court granted Motorist's motion for summary judgment and dismissed the case. McDonald appealed the trial court's decision and on June 10, 2004, this court in McDonald v. Motorists Mutual InsuranceCompany, Cuyahoga App. No. 83918, 2004-Ohio-2970, reversed and remanded the case with instructions to the trial court to determine whether McDonald was an insured under the Motorists' policy. More specifically, this court directed the trial court to determine whether McDonald was an employee in the course and scope of employment for Bonnie Speed at the time of the accident.
 {¶ 5} After remand, on October 26, 2004, Motorists moved for leave to file a motion for summary judgment and a motion for summary judgment asserting that an exclusion in the Motorists' policy precluded UM coverage to McDonald. On December 3, 2004, the trial court denied Motorists leave to file a motion for summary judgment. Additionally, on April 5, 2005, the court denied Motorists' motion for reconsideration of the court's denial to address Motorists' policy exclusion in a pretrial motion.
 {¶ 6} On May 9, 2005, Motorists filed a written motion for directed verdict, again asserting that the Motorists policy excluded coverage to McDonald.
 {¶ 7} The case proceeded to trial on June 1, 2005. On June 3, during the trial, the court overruled Motorists' motion for directed verdict. That same day, the jury returned a verdict in favor of McDonald and finding that he was an insured under the Motorists policy in that he was an employee in the course and scope of employment for Bonnie Speed at the time of the accident.
 {¶ 8} On June 28, 2005, Motorists filed a motion for judgment notwithstanding the verdict, again alleging that the trial court failed to apply the Motorists exclusion. The trial court denied Motorists' motion on July 5, 2005.
 {¶ 9} Motorists now appeals asserting four assignments of error. In the interests of convenience, we will first address the third assignment of error, which states:
 {¶ 10} "The trial court committed reversible error by denying MMIC's motion for directed verdict which was based upon the argument that the exclusions in the policy issued by MMIC precluded UM/UIM coverage for the damages suffered by Plaintiff-Appellee Dudley McDonald ("McDonald")."
 {¶ 11} We review de novo a court's ruling on a motion for directed verdict. Hardy v. Gen. Motors Corp. (1998),126 Ohio App.3d 455, 462, 710 N.E.2d 764, citing Howell v. Dayton Power Light Co. (1995), 102 Ohio App.3d 6, 13, 656 N.E.2d 957. As Civ.R. 50(A)(4) provides:
 {¶ 12} "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 13} A motion for a directed verdict tests the legal sufficiency of the evidence presented by a plaintiff. Balog v.Matteo Aluminum, Inc., Cuyahoga App. No. 82090, 2003-Ohio-4937. In ruling upon a motion for directed verdict, an appellate court must not consider the weight of the evidence, nor the credibility of witnesses. Cater v. Cleveland, 83 Ohio St.3d 24, 33, 1998-Ohio-421, 697 N.E.2d 610, citing Strother v. Hutchinson
(1981), 67 Ohio St.2d 282, 423 N.E.2d 467. Further, the trial court must construe the evidence in a light most favorable to the non-moving party. Rinehart v. Toledo Blade Co. (1985),21 Ohio App.3d 274, 487 N.E.2d 920. Hence, the court must deny a motion for directed verdict if substantial competent evidence exists from which reasonable minds might reach different conclusions.Ramage v. Cent. Ohio Emergency Serv., Inc. (1992),64 Ohio St.3d 97, 109, 592 N.E.2d 828.
 {¶ 14} The trial court denied Motorists' motion for directed verdict in which Motorists asserted that an exclusion in its policy precluded UM coverage to McDonald for the accident. For the following reasons, we find that the trial court properly denied Motorists' motion for directed verdict.
 {¶ 15} The provision of the policy that Motorists contends excludes coverage to McDonald states in pertinent part:
 {¶ 16} "OHIO UNINSURED MOTORISTS COVERAGE-BODILY INJURY
 {¶ 17} "* * *
 {¶ 18} "C. EXCLUSIONS
 {¶ 19} "This insurance does not apply to:
 {¶ 20} "* * *
 {¶ 21} "5. "Bodily injury" sustained by:
 {¶ 22} "A. You while "occupying" or when struck by any vehicle owned by you that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form . . ."
 {¶ 23} To determine whether McDonald is excluded from coverage, we must determine whether the aforementioned exclusion in the Motorists policy ("`covered auto' exclusion") relating to UM coverage complies with the mandates of R.C. 3937.18. SeeState Auto. Ins. v. Pasquale, 163 Ohio App.3d 381, 387,2005-Ohio-4897, 837 N.E.2d 1249 ("Any exclusion in an insurance policy relating to UM/UIM coverage must conform with the dictates of R.C. 3937.18."). "If the exclusion conflicts with or undermines the statute's purpose, it is invalid and unenforceable." State Auto. Ins. v. Pasquale,163 Ohio App.3d 381, 386, 2005-Ohio-4897, 837 N.E.2d 1249.
 {¶ 24} "For the purpose of determining the scope of coverage of an [UM/UIM] motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos.,82 Ohio St.3d 281, 289, 1998-Ohio-381, 695 N.E.2d 732. The UM/UIM statute in effect at the time the Motorists policy was contracted, on May 1, 1999, was R.C. 3937.18, as amended by H.B. 261. This statute states in pertinent part:
 {¶ 25} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state * * * unless both of the following coverages are offered to persons insured under the policy due to bodily injury or death suffered by such insureds:
 {¶ 26} "* * *
 {¶ 27} "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy * * *.
 {¶ 28} "* * *
 {¶ 29} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 {¶ 30} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured * * * if the motor vehicle is not specifically identified in the policy under which a claim is made * * *."
 {¶ 31} Motorists contends that its policy excludes coverage to McDonald because, at the time of his injury, he was occupying a bicycle, which qualifies as a "vehicle" that is not a "covered auto" specifically listed on the policy's "Symbol 7" coverage definitions. While it is true that the Motorists policy's "covered auto" exclusion precludes coverage for a "vehicle," and a bicycle fits under the definition of a "vehicle," R.C. 3937.18
proscribes that an exclusion such as Motorists is only valid if it denies coverage to an insured operating or occupying a "motor vehicle." Thus, while R.C. 3937.18, subsequent to H.B. 261, permits insurance companies to include in their policies exclusions pertaining to UM/UIM coverage, Motorists could not include an exclusion that conflicts with R.C. 3937.18. More specifically, if McDonald's bicycle does not qualify as a "motor vehicle," Motorists' "covered auto" exclusion is invalid for noncompliance with R.C. 3937.18.
 {¶ 32} We find that the "covered auto" exclusion in the Motorists policy violates R.C. 3937.18 as applicable to McDonald because he was not operating or occupying a "motor vehicle" when he was injured. R.C. 4501.01(B) defines "motor vehicle" as the following:
 {¶ 33} "(B) `Motor vehicle' means any vehicle, including mobile homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires. "Motor vehicle" does not include utility vehicles as defined in division (VV) of this section, motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation * * *."
 {¶ 34} Furthermore, "bicycle" is defined in R.C. 4501.01(K) as follows:
 {¶ 35} "(K) `Bicycle' means every device, other than a tricycle that is designed solely for use as a play vehicle by a child, that is propelled solely by human power upon which any person may ride, and that has either two tandem wheels, or one wheel in front and two wheels in the rear, any of which is more than fourteen inches in diameter."
 {¶ 36} McDonald was occupying a bicycle, a device propelled by muscular power. As such, McDonald was not occupying a "motor vehicle" as contemplated by R.C. 3937.18. Thus, Motorists' "covered auto" exclusion, as applied, is invalid and violates R.C. 3937.18. Accordingly, we find that the trial court correctly denied Motorists' motion for directed verdict. Motorists' third assignment of error is without merit.
 {¶ 37} Because our determination of Motorists' third assignment of error is dispositive of this appeal, we decline to address Motorists three remaining assignments of error[1]
as moot pursuant to App.R. 12(A)(1)(c) and affirm the decision of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J. and Rocco, J., concur.
[1] "I. The trial court committed reversible error by failing to follow the mandate of this court to determine the applicability of the exclusions in the uninsured/underinsured motorists ("UM/UIM") coverage included in the policy issued by Defendant-Appellant Motorist Mutual Insurance Company ("MMIC")."
"II. The trial court committed reversible error by denying MMIC's motion for leave to file a motion for summary judgment to determine the applicability of the exclusions in the UM/UIM coverage included in the policy by MMIC."
"IV. The trial court's judgment that the MMIC policy provides UM/UIM coverage for the damages suffered by McDonald is against the manifest weight of the evidence, and therefore must be reversed."