STATE AUTOMOBILE INSURANCE COMPANY, APPELLANT,
*v.* PASQUALE ET AL., APPELLEES.

[Cite as *State Auto. Ins. Co. v. Pasquale,*
113 Ohio St.3d 11, 2007-Ohio-970.]

(No. 2005–2047—Submitted November 28, 2006—Decided March 21, 2007.)

MOYER, C.J.

{¶ 1} Appellant, State Automobile Insurance Company ("State Auto"), appeals from the judgment of the Court of Appeals for Lake County that reversed the summary judgment in favor of appellant granted by the Lake County Court of Common Pleas. For the following reasons, we reverse the judgment of the court of appeals.

{¶ 2} Matthew Pasquale, son of Russell and Toni Pasquale, was struck by a motorcycle driven by Robert Gersten and later died of the injuries sustained in the collision. Gersten was riding his motorcycle, a motocross bike, on a dirt track created and owned by Russell Pasquale. The dirt track contained a series of jumps and dirt mounds. Gersten was making a jump when he struck Matthew Pasquale, who was playing on the downhill side of the jump, apparently unbeknownst to Gersten.

{¶ 3} The Pasquales carried two insurance policies from State Auto: a personal automobile policy and a business automobile policy. The personal automobile policy was issued to named insureds Russell and Toni Pasquale and provided uninsured- and underinsured-motorist ("UM") coverage with limits of $100,000 per person and $300,000 per accident. The business automobile policy was issued

to Russell Pasquale, d.b.a. Pasquale Landscaping, and provided UM coverage with a single limit of $300,000.

{¶ 4} Following the accident, the Pasquales received $12,500 from Gersten's carrier with State Auto's consent. State Auto reserved its right to contest any claim for UM coverage under its policies.

{¶ 5} The parties stipulated to the facts of the accident and to the terms of the insurance policies. The parties further stipulated that the motocross bike was an "off-highway motorcycle as the term is defined by R.C. 4519.01(I)" and that the claim at issue is governed by R.C. 3937.18 as amended by Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2372, eff. Sept. 3, 1997 ("H.B. 261").

{¶ 6} The Pasquales submitted a UM claim to State Auto under both policies. State Auto denied the claims and filed a complaint for a declaratory judgment seeking a determination whether the Pasquales were entitled to UM coverage under either policy. In support of its argument, State Auto relied on a provision in both of the Pasquales' policies precluding recovery: the provision expressly restricted the definition of "uninsured motor vehicle" (defined to include underinsured motor vehicles) to exclude vehicles "[d]esigned for use mainly off public roads while not on public roads."

{¶ 7} The Pasquales opposed State Auto's motion for summary judgment and filed a cross-motion for summary judgment. The Pasquales did not dispute that the motorcycle was an off-road vehicle but argued that the off-road-vehicle exclusion in the State Auto insurance policies was an invalid restriction of UM coverage as required by R.C. 3937.18 as amended by H.B. 261.[1]

{¶ 8} The trial court granted State Auto's motion for summary judgment and denied the Pasquales' motion. In awarding summary judgment to State Auto, the trial court held that motor-vehicle liability policies need not cover any vehicles except motor vehicles operated on highways. The trial court reviewed the purpose of the UM statute: " '[T]he financial responsibility laws and the UIM statute are related in purpose and * * * the General Assembly intended them both to apply only to policies that insure against liability arising from the ownership or operation of "vehicles" that can be used for transportation on the highway.' " *State Auto. Ins. Co. v. Pasquale* (Dec. 12, 2003), Lake C.P. No. 02 CV 001655, quoting *Delli Bovi v. Pacific Indemn. Co.* (1999), 85 Ohio St.3d 343, 345, 708 N.E.2d 693.

---

1. The current version of R.C. 3937.18, as amended by Am.Sub.S.B. No. 97, effective October 31, 2001, is not applicable in this case. S.B. 97 amended the statute by adding, for the first time, a definition of "motor vehicle" for purposes of UM coverage, which excludes "off-road recreational vehicle."

{¶ 9} The trial court concluded, "Since liability insurance need only cover motor vehicles operated on highways and, since uninsured motorist coverage is intended to provide reciprocal or the mutual equivalent of automobile liability coverage and because motor vehicles that are not intended to be operated on highways need not be covered by liability insurance, excluding such vehicles from UM/UIM coverage does not violate the public policy behind R.C. 3937.18."

{¶ 10} In a split decision reversing the trial court, the court of appeals held that the trial court erred when it relied on the purpose of the UM statute as articulated in *Davidson v. Motorists Mut. Ins. Co.* (2001), 91 Ohio St.3d 262, 269, 744 N.E.2d 713, because the *Davidson* court was interpreting an earlier version of R.C. 3937.18, which was no longer controlling law. *State Auto. Ins. Co. v. Pasquale,* 163 Ohio App.3d 381, 2005-Ohio-4897, 837 N.E.2d 1249, at ¶ 70.

{¶ 11} In 1997, H.B. 261 amended R.C. 3937.18 and set forth specific circumstances in which UM coverage could be excluded. The court of appeals held that the exclusion in the State Auto insurance policies was invalid because the exclusion failed to "fall into one of the specified 'excludable' categories set forth under R.C. 3937.18(J) as it was written at the time of H.B. 261." *State Auto. Ins. Co.,* 163 Ohio App.3d 381, 2005-Ohio-4897, 837 N.E.2d 1249, at ¶ 53.

{¶ 12} The court of appeals also held that the motocross bike driven by Gersten did not meet the requirements for exclusion under R.C. 3937.18(K). Id. at ¶ 61. R.C. 3937.18(K) defined four classes of vehicles that could be excluded from UM coverage and did not include "off-highway motorcycle." Therefore, because the exclusions found in R.C. 3937.18(J) and (K) did not expressly exclude off-road vehicles from UM coverage, the court of appeals found the exclusion in the State Auto policies to be invalid.

{¶ 13} The question presented is whether an express exclusion of off-road vehicles from UM coverage in an automobile liability insurance policy is valid under R.C. 3937.18 as amended by H.B. 261. We conclude that UM coverage under R.C. 3937.18 as amended by H.B. 261 does not apply to motor vehicles designed for off-road use. Therefore, a provision in an insurance policy excluding vehicles "designed for use mainly off public roads while not on public roads" from UM coverage is valid under R.C. 3937.18 as amended by H.B. 261.

{¶ 14} We first consider the statutory definitions of "motor vehicle" and "off-highway motorcycle."

{¶ 15} While H.B. 261 was in effect, R.C. 4501.01(B) provided the general definition of a "motor vehicle" for nine chapters of R.C. Title 45 and for the penal laws:

{¶ 16} "(B) 'Motor vehicle' means any vehicle, including manufactured homes and recreational vehicles, that is propelled or drawn by power other than

muscular power or power collected from overhead electric trolley wires * * *." 1997 Am.Sub.H.B. No. 210, 147 Ohio Laws, Part 1, 725.

{¶ 17} There followed a list of exceptions, which did not specifically include off-road vehicles or "off-highway motorcycle."

{¶ 18} "Off-highway motorcycle" was specifically defined in R.C. 4519.01 when the definition was added to the statute by Am.Sub.H.B. No. 611, 147 Ohio Laws, Part III, 4772, 4795, effective July 1, 1999. Although the definition is not controlling, the parties have stipulated that Gersten's motocross bike was an "off-highway motorcycle" as that term is defined by R.C. 4519.01(I).

{¶ 19} "(I) 'Off-highway motorcycle' means every motorcycle, as defined in section 4511.01 of the Revised Code, that is designed to be operated primarily on lands other than a street or highway."

{¶ 20} These statutes support the trial court's conclusion that the motocross bike at issue in this case is not a general "motor vehicle." Former R.C. 3937.18 as amended by H.B. 261 did not define "motor vehicle." We have previously considered different statutory definitions of "motor vehicle" and their application to other statutes. Delli Bovi v. Pacific Indemn. Co. (1999), 85 Ohio St.3d 343, 345, 708 N.E.2d 693. While not dispositive, other statutes are helpful in determining the meaning of "motor vehicle" as it is used in R.C. 3937.18.

{¶ 21} R.C. Title 45 is labeled "Motor Vehicles—Aeronautics—Watercraft." In R.C. Chapter 4501, R.C. 4501.01 lists the general definitions of terms, and R.C. 4501.01(B) provides a general definition of "motor vehicle." Later in the title, R.C. Chapter 4519, which governs specified off-road vehicles, includes its own definitions section in R.C. 4519.01, and 4519.01(I) defines "off-highway motorcycle" as used in that chapter.

{¶ 22} The specific definition of "off-highway motorcycle" in R.C. Chapter 4519 (a chapter addressing various off-road vehicles) is evidence that the General Assembly distinguishes an "off-highway motorcycle" from the general definition of "motor vehicle."

{¶ 23} Second, we are required to interpret the specific UM statute at issue in this case. R.C. 3937.18 as amended by H.B. 261 provided for UM coverage and stated:

{¶ 24} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state * * * unless both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds:

{¶ 25} "* * *

{¶ 26} "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy * * *.

{¶ 27} "* * *

{¶ 28} "(J) The coverages offered under division (A) of this section * * * may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:

{¶ 29} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured * * * if the motor vehicle is not specifically identified in the policy under which a claim is made * * *;

{¶ 30} "(2) While the insured is operating or occupying a motor vehicle without a reasonable belief that the insured is entitled to do so * * *;

{¶ 31} "(3) When the bodily injury or death is caused by a motor vehicle operated by any person who is specifically excluded from coverage for bodily injury liability in the policy * * *.

{¶ 32} "(K) As used in this section, 'uninsured motor vehicle' and 'underinsured motor vehicle' do not include any of the following motor vehicles:

{¶ 33} "(1) A motor vehicle that has applicable liability coverage in the policy under which the uninsured and underinsured motorist coverages are provided;

{¶ 34} "(2) A motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured;

{¶ 35} "(3) A motor vehicle owned by a political subdivision * * *;

{¶ 36} "(4) A motor vehicle self-insured within the meaning of the financial responsibility law of the state in which the motor vehicle is registered."

{¶ 37} Unfortunately, the General Assembly did not define "motor vehicle" for the purposes of applying R.C. 3937.18. Therefore, we will consider the purpose of the statute. *Delli Bovi*, 85 Ohio St.3d at 345, 708 N.E.2d 693. We agree with the trial court and the dissenting opinion in the court of appeals, which both quoted our discussion in *Davidson* of the purpose of R.C. 3937.18: "[W]e have found that 'the financial responsibility laws and the UIM statute are related in purpose and that the General Assembly intended them both to apply only to policies that insure against liability arising from the ownership or operation of "vehicles" that can be used for transportation on the highway.'" *Davidson*, 91 Ohio St.3d at 269, 744 N.E.2d 713, quoting *Delli Bovi*, 85 Ohio St.3d at 345, 708 N.E.2d 693.

{¶ 38} Though *Davidson* considered an earlier version of R.C. 3937.18, the purpose of the UM statute remains the same. "Such limitation [of coverage to damages caused by highway vehicles] is logical since the purpose of the UM/UIM statute is the protection of those using the highways from injury caused by other users of the highways who have no or inadequate liability coverage." *State Auto. Ins. Co.*, 163 Ohio App.3d 381, 2005-Ohio-4897, 837 N.E.2d 1249, at ¶ 74 (Grendell, J., dissenting), citing *Cincinnati Indemn. Co. v. Martin* (1999), 85 Ohio St.3d 604, 608, 710 N.E.2d 677, and *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 480, 639 N.E.2d 438.

{¶ 39} The language of former R.C. 3937.18(J) and (K) supports our decision to reverse the court of appeals. "Former R.C. 3937.18(J) addressed certain *circumstances* where a policy could exclude * * * [UM] coverage for an insured. Former R.C. 3937.13(K) excluded certain *tortfeasors' vehicles* from being considered uninsured or underinsured." (Emphasis sic; footnote omitted.) *Kyle v. Buckeye Union Ins. Co.*, 103 Ohio St.3d 170, 2004-Ohio-4885, 814 N.E.2d 1195, at ¶ 1.

{¶ 40} Former R.C. 3937.18(J) declared that UM coverage may be precluded by contract when insureds operate or occupy a vehicle owned by another insured under the same contract, when the insured knowingly operates a vehicle without permission, or when injury or death is caused by a person who is specifically excluded from liability coverage under the contract. Though this section provides for circumstances under which UM coverage may be excluded, this section is not applicable to the facts of this case. Here, the injury was allegedly caused by Gersten on his motocross bike—no Pasquale family member was operating or occupying any vehicle when Matthew Pasquale was killed. Further, Gersten was not specifically excluded under the Pasquale policies. Therefore, R.C. 3937.18(J) does not apply.

{¶ 41} Former R.C. 3937.18(K) is at issue in this case because the question is whether a certain tortfeasor's vehicle, here Gersten's off-road motorcycle, may be excluded from the class of uninsured or underinsured vehicles. While off-road motorcycles are not specifically enumerated in R.C. 3937.18(K), all four of the specific exclusions found in subsection (K) address only motor vehicles designed for use on public roads. When the General Assembly enacted subsection (K), its purpose was to exclude certain motor vehicles that would otherwise be included under UM coverage.

{¶ 42} We conclude that the absence of any off-road vehicles from subsection (K) is consistent with our conclusion that R.C. 3937.18 applies only to vehicles designed for use on public roads: the General Assembly omitted golf carts, go-carts, and dirt bikes from the exceptions in subsection (K) because these vehicles are not covered by the UM statute. Therefore, the absence of an off-road

motorcycle from the list of excluded vehicles in subsection (K) does not require that the off-road motorcycle be included. Rather, the off-road motorcycle need not be expressly excluded because it was not included in R.C. 3937.18.

{¶ 43} In conclusion, the R.C. Title 45 definitions of "motor vehicle" and "off-highway motorcycle" are evidence that "off-highway motorcycle" is not included in the general definition of "motor vehicle." Further, given the purpose of the UM statute, the statutory language in R.C. 3937.18 need not expressly exempt off-road vehicles such as golf carts and dirt bikes, because those vehicles are not designed for highway use and therefore were not contemplated by the statute. For the stated reasons, we hold that an insurance policy may exclude off-road vehicles from uninsured- and underinsured-motorist coverage under former R.C. 3937.18 as amended by 1997 Am.Sub.H.B. No. 261.

{¶ 44} Here, Pasquale's insurance policy from State Auto did not provide UM coverage for damages caused by owners or operators of motor vehicles "[d]esigned for use mainly off public roads while not on public roads." An insurance policy exclusion of off-road vehicles from UM coverage is valid under R.C. 3937.18 as amended by H.B. 261. Therefore, the Pasquales are not entitled to recover under their claims for UM coverage asserted against State Auto.

Judgment reversed.

CARR, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents.

DONNA J. CARR, J., of the Ninth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

_____

PFEIFER, J., dissenting.

{¶ 45} The majority's decision not unreasonably concludes that the insurance policy in this case legally excluded vehicles "[d]esigned for use mainly off public roads while not on public roads." Their conclusion, however, rests on a leap of illogic: that "off-highway motorcycles" are not motor vehicles. No sentient person in the state believes that. Moreover, I am concerned that the decision would also allow a policy to disallow UM coverage even when a motor vehicle designed for off-road use is used on public roads, private roads, or other public space, such as a parking lot. That is contrary to the intent of the General Assembly. See *Delli Bovi v. Pacific Indemn. Co.* (1999), 85 Ohio St.3d 343, 345, 708 N.E.2d 693.

{¶ 46} Since R.C. 3937.18 was amended by 1997 Am.Sub.H.B. No. 261, it has been amended three times, most recently by 2001 Am.Sub.S.B. No. 97, which entirely rewrote it. Thus, this case and the issue before us would be moot under current law. Accordingly, the decision announced today affects a very small number of cases, perhaps no more than the family before us, and certainly not enough to qualify as a "case[ ] of public or great general interest." Section 2(B)(2)(e), Article IV of the Ohio Constitution. Because this appeal involves nothing more than error correction, it should be dismissed as having been improvidently allowed. I dissent.

---

Tucker, Ellis & West, L.L.P., Irene C. Keyse–Walker, and Susan M. Audey; Koeth, Rice & Leo Co., L.P.A., and Ann E. Leo, for appellant.

Reminger & Reminger, L.P.A., and Clifford C. Masch, for appellees.