[Cite as *Ameduri v. Machine Technology & Field Serv.*, 2022-Ohio-3423.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

ERIC AMEDURI,

Plaintiff-Appellant,

v.

MACHINE TECHNOLOGY AND FIELD SERVICE, LLC ET AL.,

Defendants,

LIGHTNING ROD MUTUAL INSURANCE COMPANY,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0102**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 19-CV-2275

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. David R. Grant* and *Atty. Frank L. Gallucci, III,* Plevin & Gallucci Co., L.P.A., 55 Public Square, Suite 2222, Cleveland, Ohio 44113; *Atty. Paul W. Flowers* and *Atty. Melissa A Ghrist,* Flowers & Grube, Terminal Tower, 40th Floor, 50 Public Square, Cleveland, Ohio 44113, for Plaintiff-Appellant and

*Atty. Donald G. Drinko* and *Atty. Gary L. Nicholson*, Gallagher Sharp LLP, 1215 Superior Avenue, 7th Floor, Cleveland, Ohio 44114; *Atty. David L. Jarrett,* Western

Reserve Group, P.O. Box 36, 1685 Cleveland Road, Wooster, Ohio 44691, for Defendant-Appellee, Lightning Rod Mutual Insurance Company.

Dated:  September 19, 2022

**D'Apolito, J.**

**{¶1}**   Appellant, Eric Ameduri, appeals from the June 2, 2021 judgment of the Mahoning County Court of Common Pleas granting Appellee's, Lightning Rod Mutual Insurance Co., motion for summary judgment.  On appeal, Appellant argues the trial court erred in granting Appellee's motion for summary judgment upon his claim for uninsured motorist ("UM") coverage.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}**   The facts emanating from the record are as follows:[1] Appellant is a 41-year-old resident of Salem, Ohio.  Appellant has his Commercial Driving License.  Around 2008, Appellant was hired by Less Contracting as an estimator and foreman.  Less Contracting is in the excavation business and is owned by George Less ("Less").

**{¶3}**   On November 17, 2017, Appellant was advised by Less that Robert Garrett needed him to drill two nine-foot deep holes at a project in a Speedway parking lot located at 10789 Market Street, North Lima, Mahoning County, Ohio  44452.  Garrett had purchased a Terex Reedrill 270 Econ-10 Hydraulic Drilling Rig ("Drill Rig") from a Florida company, All Points Equipment, LLC ("All Points") owned by Levi Lamb, on August 21, 2017.  The Drill Rig was mounted on a 2012 International Dura Star Truck.  Appellant had experience with this type of drilling machinery and other heavy equipment.

**{¶4}**   On the day at issue, Appellant drove the truck with the mounted Drill Rig to the Speedway site.  Appellant stabilized the vehicle on the parking lot surface.  Once he was comfortable with the setup, Appellant began drilling.  When he reached about nine feet in depth, Appellant could feel the Drill Rig begin to elevate.  Appellant indicated he could not get the drill bit to stop, reverse, or withdraw from the hole.  Appellant tried pulling

---

[1] Appellant and Robert Garrett ("Garrett"), owner of Machine Technology and Field Service, LLC ("Machine Technology"), filed depositions below.

Case No. 21 MA 0102

the emergency lever once the vehicle reached a dangerous height. The Drill Rig began to tip over and Appellant jumped to the ground, head first, sustaining injuries ("the Accident").

**{¶5}** Garrett was present at the time of the Accident and saw what had happened. Garrett indicated the Accident did not specifically occur as described by Appellant. Garrett believed that Appellant, probably by mistake, hit the fast-acting crowd valve. Garrett said the Accident did not take place on any public roads and that there was nothing wrong with the Drill Rig.

**{¶6}** The UM coverage of Appellee's Auto Policy, issued to Machine Technology, provides for payment of "sums the 'insured' is legally entitled to recover as compensatory damages from the owner or operator of an 'uninsured motor vehicle' * * * because of 'bodily injury' sustained by the 'insured' and caused by an 'accident.'"[2] (Paragraph A.1. of UM Endorsement, Auto Policy). The Auto Policy requires "The owner's or operator's liability for these damages must result from the ownership, maintenance or use of the 'uninsured motor vehicle[.]'" (*Id.*) It is stated in the UM Endorsement under "F. Additional Definitions" that 'uninsured motor vehicle' does not include any vehicle * * * b. Designed for use mainly off public roads while not on public roads." (*Id.*)

**{¶7}** On November 6, 2019, Appellant filed a complaint for personal injuries against Machine Technology and All Points. Appellant alleged that he was seriously injured on November 17, 2017 when he was forced to leap off the malfunctioning Drill Rig. The Drill Rig was owned, controlled, and/or maintained by Machine Technology and purchased from All Points. In the complaint, Appellant raised separate claims for common law negligence and Frequenter Statute Liability against Machine Technology (count one); common law negligence against All Points (count two); manufacturer product liability against All Points (count three); and supplier product liability against All Points (counts four and five). Machine Technology and All Points filed answers.

**{¶8}** With leave of court, Appellant filed an amended complaint on May 18, 2020 raising a contract-based claim for UM coverage against Appellee (count six). In his

---

[2] Appellant did not purchase and was not a Named Insured under the Auto Policy. Appellant maintains he qualifies as an "insured" because he occupied and ultimately jumped off the Drill Rig. (2/10/2022 Appellant's Brief, p. 30).

amended complaint, Appellant made a claim for the limits of Appellee's UM coverage alleging that Appellee is the liability insurer for Machine Technology; Appellee has denied liability coverage for Machine Technology; and by operation of R.C. 3937.18(B), Machine Technology is therefore uninsured for purposes of Appellant's claims against it.

{¶9} Three days later, Appellee filed an answer, counterclaim, and cross-claim against Appellant for a declaratory judgment that no UM coverage was available under the Auto Policy. At the same time, Western Reserve Mutual Casualty Co. ("Western Reserve") filed a motion to intervene.[3] On June 18, 2020, Appellant filed a reply to Appellee's counterclaim continuing to maintain that UM coverage was available under the Auto Policy. Four days later, the trial court granted Western Reserve's request for intervention. The next day, Western Reserve filed a complaint for declaratory judgment against Appellant.

{¶10} On December 14, 2020, Appellee and Western Reserve filed a motion for summary judgment asserting that the insurance policy at issue does not provide for liability and UM coverage.[4] On March 12, 2021, Appellant filed a memorandum in opposition acknowledging that the liability insurance provisions of the Auto Policy do not apply under the circumstances. Appellant argued instead that he is entitled to UM benefits for the injuries he sustained on the uninsured motor vehicle. Appellee and Western Reserve further supported their positions in a reply filed one week later asserting that the issue is whether the Drill Rig was designed for use mainly off public roads and was not on public roads at the time of the incident.

{¶11} On May 3, 2021, the magistrate filed his decision and findings of fact and conclusions of law sustaining the pending joint motion for summary judgment filed by Appellee and Western Reserve and the separate motion filed by All Points. Over Appellant's objections and a response, the trial court adopted the magistrate's decision and granted the motions for summary judgment on June 2, 2021.[5] The court agreed that

---

[3] Western Reserve issued Machine Technology a commercial general liability policy.

[4] All Points also moved for summary judgment during this period which Appellant separately opposed. Neither Appellant nor Machine Technology sought summary judgment.

[5] Appellant subsequently dismissed Machine Technology after reaching a settlement.

the UM coverage in the Auto Policy Appellee issued to Machine Technology does not apply to the Accident because Appellant's bodily injury was sustained "in the operation of the Drill Rig and not the truck and, furthermore, that coverage does not apply to punitive or exemplary damages;" that "no genuine issue of material fact exists;" and that Appellee is "entitled to summary judgment as a matter of law." (6/2/2021 Judgment Entry, p. 5-6).

{¶12} Appellant filed a timely appeal and raises one assignment of error.[6]

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT UPON PLAINTIFF-APPELLANT'S CLAIM FOR UNINSURED MOTORIST COVERAGE.**

{¶13} In his sole assignment of error, Appellant argues the trial court erred in granting Appellee's motion for summary judgment upon his claim for UM coverage. In support, Appellant advances five issues: (1) whether he qualified as an insured under Appellee's UM Endorsement while he was occupying and jumping off the Drill Rig; (2) whether he is legally entitled to recover from the named insured, Machine Technology, for negligence in connection with the ownership and maintenance of the Drill Rig; (3) whether the Drill Rig is covered under Appellee's Auto Policy; (4) whether the trial court justifiably concluded that UM coverage was excluded under Appellee's UM Endorsement; and (5) whether Appellee established that Appellant's entitlement to UM coverage had been forfeited for failure to comply with the Endorsement's prompt notice requirement. Because the trial court did not err in granting Appellee's motion for summary judgment, we will consider the issues in a consolidated fashion for ease of discussion.

> An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact

---

[6] Western Reserve and All Points are not named parties to this appeal.

remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

"(T)he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293, 662 N.E.2d 264. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327, 364 N.E.2d 267.

*Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 10-12.

{¶14} Our Sister Court considered a similar fact pattern in *Jordan v. Dayton*

*Testing Laboratory, Inc.*, 2nd Dist. Montgomery No. 19741, 2004-Ohio-2425, and concluded that the plaintiff was not owed UM coverage:

> At the time of Jordan's injury, the drill rig was parked and the auger was in the process of drilling a hole in the ground. The accident did not occur on a roadway or involve motor vehicles in a typical motor vehicle accident. In fact, outriggers had been placed in the ground from the drill rig to stabilize the rig prior to drilling. Additionally, although both the engine of the vehicle and the drill rig's engine use the same power source, the engine to the auger can only be started from the rear of the vehicle, not from the cab. We agree with [the insurer] CIC. Jordan's injury did not arise from either the ownership, maintenance, or use of a motor vehicle. Rather, Jordan was injured by the auger, which was not a motor vehicle. Therefore, UM/UIM coverage does not arise pursuant to R.C. 3939.18. Thus, the trial court's grant of summary judgment in favor of CIC was proper, and we need not address whether the trial court's reasoning or CIC's other arguments support the court's grant of summary judgment.

*Id.* at ¶ 36; *see also State Auto Ins. Co. v. Pasquale*, 113 Ohio St.3d 11, 2007-Ohio-970, ¶ 44 ("Pasquale's insurance policy from State Auto did not provide UM coverage for damages caused by owners or operators of motor vehicles '(d)esigned for use mainly off public roads while not on public roads.' An insurance policy exclusion of off-road vehicles from UM coverage is valid under R.C. 3937.18 as amended by H.B. 261.")

{¶15} R.C. 3937.18(A), "Uninsured and underinsured motorist coverage," states in part: "Unless otherwise defined in the policy or any endorsement to the policy, 'motor vehicle,' for purposes of the uninsured motorist coverage * * * means a * * * vehicle designed for use and principally used on public roads[.]"

{¶16} The "use" of the Drill Rig does not support Appellant's contention that he is owed UM coverage for any bodily injuries because the Drill Rig was not an "uninsured motor vehicle" at the time of the Accident. Pursuant to the language in the UM Endorsement under "A. Coverage," "F. Additional Definitions," and Ohio law, including R.C. 3937.18(A), Appellee does not owe Appellant UM coverage for the Accident because (1) the owner's or operator's liability for damages sustained by the "insured"

must result from the ownership, maintenance or use of an "uninsured motor vehicle" and (2) a vehicle designed for use mainly off roads while not on public roads is not an "uninsured motor vehicle" while not on public roads. Here, UM coverage is not owed because the owner's or operator's liability does not result from the ownership, maintenance or use of an "uninsured motor vehicle." *See Jordan, supra.*

**{¶17}** The following is undisputed in the record: Appellee's UM coverage requires that "the owner's or operator's liability" for "bodily injury" sustained by the "insured" and caused by an "accident" must result from the ownership, maintenance or use of an "uninsured motor vehicle"; Appellee's UM coverage states that an "uninsured motor vehicle" "does not include any vehicle: * * * b. Designed for use mainly off public roads while off public roads"; the Drill Rig was "designed for use mainly off public roads" and the Accident occurred during the operation of the Drill Rig "while off public roads"; and Machine Technology's, "the owner's or operator's," liability for the Accident did not result from the ownership, maintenance or use of an "uninsured motor vehicle."

**{¶18}** Upon consideration, the trial court did not err in granting Appellee's motion for summary judgment on Appellant's UM coverage claim because the Drill Rig was "designed for use mainly off public roads" and did not meet the definition of an "uninsured motor vehicle" in Appellee's UM coverage "while not on public roads."

## CONCLUSION

**{¶19}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The June 2, 2021 judgment of the Mahoning County Court of Common Pleas granting Appellee's motion for summary judgment is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.

Case No. 21 MA 0102

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**